Argued June 3, reversed and remanded June 19, 1963

## PARKER *v.* RETER

383 P. 2d 93

*Hugh B. Collins,* Medford, argued the cause for ap-

pellant. On the briefs were Collins, Redden & Mullen, Medford.

*Robert H. Grant,* Medford, argued the cause for respondent. On the brief were Kelly & Grant, Medford.

Before ROSSMAN, J., Presiding, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action to recover damages for injuries to plaintiff's person and property when his automobile collided with two heifers owned by defendant. Defendant appeals from a judgment for plaintiff.

Defendant was the owner of a ranch upon which he raised cattle. The ranch was in a closed range district where cattle are prohibited from running at large.[①] The cattle escaped from defendant's barn, passed through an open gate and went upon the adjoining highway. Plaintiff's automobile collided with two of the animals. At the time of the accident it was dark, the pavement was damp and there were patches of dense fog.

The trial court instructed the jury "that it is not necessary for you to consider the alleged acts of negligence charged in plaintiff's first amended complaint, as the statutory duty not to permit an animal to run at large imposes a duty on the owner of such an animal and the fact that an animal was permitted to run at large is negligence as a matter of law." Defendant took timely exception to the instruction and upon appeal assigns as error the giving of the instruction.

---

[①] ORS 607.045 (1) provides as follows: "(1) No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or to go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

In a written opinion which accompanied the trial court's order, the court indicated that the instruction was based upon statements made in *Kendall v. Curl,* 222 Or 329, 353 P2d 227 (1960) to the effect that in a livestock district where it is unlawful to permit livestock to run at large the violation of the statute constitutes negligence as a matter of law. Thus, at one point in the Kendall case it was said, "In numerous parts of the state which have been designated as livestock districts, the act or omission which permits an animal to run at large is a violation of a legal (statutory) duty and hence, if it results in harm, is negligence as a matter of law." (222 Or at p. 333). This statement was a dictum because the issue before the court was the liability of a landowner in an open range district where the owner has the right to let his livestock run at large.

The holding in the Kendall case, that an owner is not negligent in allowing livestock to be on the highway in an open range district does not, of course, force the conclusion that under the same circumstances in a closed district the owner is negligent as a matter of law.

■ The scope of the landowner's duty under ORS 607.045 must be determined by a construction of the statute. Plaintiff contends that a violation of the statute imposes absolute liability where an injury results to those using the highway. Defendant contends that the statute was intended to impose liability only for damage done as a result of livestock going upon other land and that, therefore, plaintiff was not within the class of persons intended to be protected by the legislation. It is then argued that since there is no legislation making the livestock owner liable for injury to persons using the highway the Kendall case is appli-

cable and as said in that case, "The motorist must put up with the farmer's cattle: the farmer must endure the motorist." (222 Or at p. 336)

Statutes similar to ORS 607.045 have been construed in other states to constitute a proscription against permitting livestock to run upon highways.[2] It will be noted that ORS 607.045 makes it unlawful to permit the animal "to run at large or to be herded, pastured or to go upon the land of another." Plaintiff points to the use of the disjunctive "or," contrasting the running of cattle "at large" and the running of cattle upon the land of another as evidence of a legislative intent not to confine the proscription to the latter situation.

That argument loses much of its force, however, if the term "running at large" is given the meaning ascribed to it in our previous cases. In *Keeney v. O. R. & N. Co.,* 19 Or 291, 292, 24 P 233 (1890) it is explained that the term "stock running at large" refers to animals which "roam and feed at will, and are not under the immediate direction and control of any one." The term is not used to describe *unenclosed* animals

---

[2] In some states the statute expressly provides that the owner shall not permit his animals to run at large upon a highway. It is possible to argue that since ORS 607.044 deals with civil liability for damage done by livestock running at large and mentions only the liability to the "owner or lawful possessor of land" the legislature intended to exclude civil liability to others including motorists. However, ORS 607.045, as we construe it, includes a proscription against negligently permitting livestock to run upon a highway and in this respect constitutes a legislative declaration of a standard of conduct which, if violated, would give rise to liability. Griffin v. Benton, 92 Ga App 167, 88 SE2d 287 (1955); Stewart v. Wild, 196 Iowa 678, 195 NW 266 (1923). See also Clark v. Carson, 188 Kan 261, 362 P2d 71 (1961); Abbott v. Howard, 169 Kan 305, 219 P2d 696 (1950); Wilson v. Rule, 169 Kan 296, 219 P2d 690 (1950); Wiggington & Sweeney v. Bruce, 174 Ky 691, 192 SW 850 (1917); Moss v. Bonne Terre Farming & Cattle Co., 222 Mo App 808, 10 SW2d 338 (1928); Kelly v. Willis, 238 NC 637, 78 SE2d 711 (1953).

as distinguished from *enclosed* animals, for, as observed in the Keeney case, "They may be in an enclosure which may restrain the limits in which they shall wander and feed, or they may be on an unfenced range, relatively without limit, where they may roam and feed at will; but in either case they are not subject to the direction and control of any one."[3] (19 Or at pp. 292-293). But even if we construe the term "run at large" in ORS 607.045 to mean simply "unattended," the statute is still subject to the construction that the owner of livestock is subject to prosecution not only for permitting unattended animals to go upon the land of another but also for permitting them to go upon a public highway. We so construe the statute.

▪ It does not follow, however, that the statute imposes *absolute* liability for injuries resulting from permitting animals to get upon the highway. Although there are some cases which hold that absolute liability for injury to motorists is imposed upon the owner for the violation of a statute similar to ORS 607.045, most courts construe such statutes as imposing liability only where the owner is at fault.[4] Generally this latter con-

---

[3] See also Lemery v. Leonard, 99 Or 670, 196 P 376 (1921).

[4] In a few jurisdictions statutes similar to ours have been interpreted to give a highway user a right to recover for injuries caused by a farm animal which escapes without the negligence of the owner. Farrell v. Crawford, 222 Ill App 499 (1921); Corey v. Smith, 233 Ind 452, 120 NE2d 410 (1954) and Direct Transport Co. Ltd. v Cornell, [1938] Ont Rep 365 so hold. See also, Patterson v. Fanning, 2 Ont L Rep 462 (1901). The Illinois case, Farrell v. Crawford, was based solely upon Bulpit v. Matthews, 145 Ill 345, 34 NE 525, 22 LRA 55 (1893) which involved the liability of the owner of animals to a *landowner*.

It should also be noted that a proviso was subsequently added to the Illinois statute "to relieve the owner of the harshness of the law as declared in the Farrell case." Fugett v. Murray, 311 Ill App 323, 327, 35 NE2d 946 (1941). The vast majority of the cases require that the owner be at least negligent in allowing the animal to escape before he will be liable to a user of the highway. Cases are collected in Annot., 34 ALR2d 1285 et seq (1954).

struction is derived from the use of the word "permit" in the applicable statute. It is held that the word "permit" implies knowledge, consent or willingness on the part of the owner that the animals be at large.[9] We have adopted this mode of construction. In *Lemery v. Leonard,* 99 Or 670, 678, 196 P 376 (1921) the court, in construing a statute similar to ORS 607.045, said:

> "* * * The precedents cited by the plaintiff ignore the fundamental reason of the definition of 'running at large.' In most instances they depend upon the attendant principle that one cannot be said to have permitted a thing of which he has no knowledge or means of knowledge, so, that, if his animals escape from his inclosure without his knowledge or negligence, he does not come within the prohibitions of the statute against 'permitting' his stock to be at large. To 'permit' means to allow by tacit consent or by not hindering, taking no steps to prevent, or to grant leave by express consent or authorization: Holly & Co. v. Simmons, 38 Tex. Civ. App. 124 (85 S. W. 325)."

We hold that ORS 607.045 is not violated unless the owner is at fault in permitting livestock embraced by the proscription to run at large. We further hold that the statute is violated not only where the livestock is permitted to go upon privately owned land but

---

[9] Typical is the statement in Gardner v. Black, 217 NC 573, 577, 9 SE2d 10 (1940):

"* * * Such a statute as this relating to allowing or permitting livestock to run at large, 'implies knowledge, consent, or willingness on the part of the owner that the animals be at large, or such negligent conduct as is equivalent thereto, but does not comprehend a case where, through some untoward circumstance, the owner is unable to watch and care for the animals in a particular instance, or where, notwithstanding the owner has taken precautions to restrain them, and is without fault or negligence, the animals escape from him * * *.' 3 C.J.S., 1231. 3 C.J., 180"

also where such livestock is permitted to go upon a highway.

The instruction given by the trial judge treating the violation of ORS 607.045 as negligence per se was erroneous and therefore the judgment must be reversed and the cause remanded for a new trial. Defendant's contention that plaintiff was contributorily negligent as a matter of law is without merit.

Reversed and remanded.