Submitted on record and appellant's brief December 11, 1974,
affirmed January 20, 1975

STATE ex rel NILSEN, *Appellant, v.*
HAYES et al, *Respondent.*

530 P2d 1264

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem, for appellant.

No appearance for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

## THORNTON, J.

This case involves a provision of our labor code which authorizes the State Labor Commissioner to bring supplementary judicial proceedings against an employer where that employer has failed to pay wages due his employes.

The state appeals from an order of the circuit court finding that defendant Hayes was not in contempt of court for violating the terms of the decree enjoining him from doing business until such time as he furnished

a bond for payment of wages becoming due in the future.

ORS 652.340 (2), the section involved, provides:

"If within 10 days after demand for such bond the employer fails to provide the same, the commissioner may commence a suit against the employer in the circuit court of appropriate jurisdiction to compel him to furnish such bond or cease doing business until he has done so. The employer shall have the burden of proving the amount thereof to be excessive."

The essential facts are as follows: Defendant Hayes had previously been engaged in business as Oregon Statewide Security, Inc., an Oregon corporation. The corporation failed to pay some of its employes. These employes thereafter assigned their claims to the Labor Commissioner for collection. When the claims were not paid, the state, pursuant to ORS 652.340, brought a suit to enjoin the defendants from doing business within the state of Oregon, and particularly from engaging the services of any employes. Defendant Hayes was personally served with summons and complaint, but made no appearance. A default decree was entered which provided essentially as follows:

"* * * The Defendant, Robert Hayes, aka Bob Hayes, shall furnish unto the Commissioner of the Oregon Bureau of Labor a good and sufficient bond approved by him in the sum of $3,000.00 and Defendant, Oregon Statewide Security, Inc., shall furnish unto the Commissioner of the Oregon Bureau of Labor a good and sufficient bond approved by him in the sum of $3,500.00 payable to the State of Oregon conditioned that the said Defendants will, for a period of six months from the date of approval of such bond by the said Commissioner, conduct their business whether as an individual, a partnership or through or by a corporation and pay

their employees in accordance with the laws of the State of Oregon.

"* * * Until said bond is posted and approved as set forth above Defendants, Robert Hayes, aka Bob Hayes, and Oregon Statewide Security, Inc., shall be and hereby are enjoined from doing any business, directly or indirectly, within the State of Oregon whether as an individual, a partnership or through or by a corporation, and particularly from engaging the personal services of any employee.

"* * * * * *"

Thereafter the state filed a motion and affidavit for an order requiring defendant to show cause why he should not be held in contempt of court and punished accordingly for violating the terms of the above decree. The affidavit alleged that defendant had failed to provide the required bond, and that he "is presently doing business as one of the liquor licensees and one of the proprietors of The Elbo Room Tavern in Molalla, Oregon and has engaged the personal services of an employee."

Based upon the above motion and affidavit the circuit court signed the order requiring defendant

"* * * to show cause, if any there be, why he should not be found guilty of contempt of court, and punished accordingly, for carrying on a business in Oregon in violation of the Decree in force and effect in this case and for engaging the personal services of an employee in violation of said Decree."

When the contempt matter came on for hearing on the above show cause order, defendant Hayes through his counsel conceded that he was presently operating the "Elbo Room Tavern" located in Mollala, as co-proprietor, under license from the Oregon Liquor Con-

trol Commission (OLCC), but asserted he was not in contempt of the decree because he had no paid employes.

The state offered the following evidence: That two different couples had recently worked at the tavern; that four OLCC printed application forms signed by defendant Hayes were posted on the wall behind the bar of the tavern, representing that both couples had applied to the OLCC for permits to serve drinks at the tavern. The state contends that the posted permits tend to prove that the applicants were also employed by defendant Hayes.

The evidence on the part of defendant Hayes was to the effect that no wages of any kind were paid to any of the above persons, and that the signing of two of the applications for the service permits, which were posted on the wall, was as an accommodation to the people concerned, and that no employment resulted therefrom.

At the conclusion of the taking of the above evidence, counsel for the state made the following argument to the court:

> "Complaining about the amount of the bond and alleging that the injunction is overbroad in reference to its statute, I think, is engaging in a collateral attack on the decree, which is improper here and not proper matter for the Court to consider.
>
> "If the Court does not take that view of it, I would request permission to read very shortly from the applicable statute, [ORS] 652.340, Sub 2 * * *."

The trial court did not accept the state's argument that defendant was engaging in a collateral attack upon the prior decree. Instead, the court found that defend-

ant Hayes was not employing any persons at the tavern and held:

"(1) The business activities of the Defendant, Robert Hayes, * * * are not of the type contemplated by the applicable statute, ORS 652.340 (2). ORS 652.340 (2) does not prohibit merely being in business but is addressed only to situations wherein the person in business will at the same time be an employer.

"(2) The Defendant, Robert Hayes, has not violated the Decree herein and consequently is not guilty of a contempt of this court."

Defendant did not appear or file a brief on this appeal. As we understand the defendant's position, he does not contend that he is not engaged in doing business in this state. Rather he contends that ORS 652.-340 (2) does not apply because he has no paid employes.

The state contends that the trial court's interpretation of ORS 652.340 (2) is in effect inserting the phrase "as an employer" after "doing business"; that the decree upon which the contempt action was based specifically enjoins the defendant from "doing any business, directly or indirectly, within the State of Oregon whether as an individual, a partnership or through or by a corporation, and particularly from engaging the personal services of any employee." Therefore, the defendant by engaging in the business of operating the "Elbo Room Tavern" violated the express terms of the injunction whether or not he engaged the personal services of an employe in that operation.

■ The term "doing business" is not defined in ORS ch 652, nor has its meaning as used in ORS 652.340 (2) been the subject of judicial definition by the appellate courts of this state, so far as we can determine.

The term "doing business" in ORS 652.340 (2) is patently ambiguous in that it is susceptible to both constructions urged by the contending parties before us. Therefore we must resort to extrinsic aids to interpretation. *Berry Transport, Inc. v. Heltzel,* 202 Or 161, 272 P2d 965 (1954) ; *Haas v. Myers,* 10 Or App 495, 500 P2d 1068 (1972).

■■ The primary rule of statutory construction is to ascertain legislative intent. *State Highway Com. v. Rawson,* 210 Or 593, 312 P2d 849 (1957). It is also well established that a statute is to be construed as a whole, *State v. Popiel,* 216 Or 140, 337 P2d 303 (1959), and that effect must be given to the overall policy which the entire statute was intended to accomplish. *Wimer v. Miller,* 235 Or 25, 383 P2d 1005 (1963).

We begin our analysis by examining the entire statute providing for the collection of wage claims by the Labor Commissioner.

The original Act was passed by the legislature in 1931 as Oregon Laws 1931, ch 287. The Act is now codified in ORS 652.310 to 652.445. While the original 1931 Act has been amended in the intervening years, much of the present law, including the language of ORS 652.340 (2), is identical with that in the original Act. This language provides us with a reliable indication of legislative intent. For example:

ORS 652.310 (1) defines "employer" as:

" 'Employer' means any person who in this state, directly or through an agent, engages personal services of one or more employes and includes any successor to the business of any employer, or any lessee or purchaser of any employer's business property for the continuance of the same business,

so far as such employer has not paid employes in full. * * *"

ORS 652.310 (2) defines "employe" as:

" 'Employe' means any individual who otherwise than as copartner of the employer or as an independent contractor renders personal services wholly or partly in this state to an employer who pays or agrees to pay such individual at a fixed rate, based on the time spent in the performance of such services or on the number of operations accomplished, or quantity produced or handled. * * *"

■ Although the term "doing business" in ORS 652.-340 (2) is not expressly limited to doing business as an employer, when this section is considered in context with the language of the remainder of this law, particularly ORS 652.310, 652.330 and 652.340, all of which are couched in terms of the employer-employe relationship, the legislative intent becomes clear. Applying the familiar rule of statutory construction *noscitur a sociis* (associated words), it is our conclusion that the legislature intended the term "doing business" to mean doing business as an employer. *See, Klein v. Real Est. Comm. Holbrook,* 19 Or App 646, 528 P2d 1355 (1974). Likewise we interpret the default decree in the case at bar as merely enjoining defendant from doing business as an employer. It did not and does not prohibit defendant from doing business without employes.

Based upon the above analysis it is our conclusion that the trial court properly construed this statute.

■ As to the evidence, the trial court's findings in an equity suit as to facts are persuasive and entitled to great weight. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct

*review denied* (1971). However, such findings are not binding on the appellate court which has the responsibility in every case to make its own independent study of the record and to arrive at its own conclusions regarding it. *Multnomah County v. Howell,* 9 Or App 374, 496 P2d 235 (1972), Sup Ct *review denied* (1973). There was evidence in the instant case from which the trial judge could have found that defendant was employing persons in his tavern. While the state's evidence tended to prove that four individuals worked at the tavern, the state did not call any of them to testify. The defendant denied that he had paid them anything. Thus there was insufficient evidence to establish that any of the persons named had either earned or received wages for services performed at the tavern, and were therefore employes within the meaning of the Act.

■ Having reviewed the entire record we agree with the trial judge's finding that the state failed to prove that defendant was doing business as an employer. The court, having found that the state had failed to prove that defendant was in fact an employer, we believe the court was correct in holding that defendant was not in contempt.

Since we hold that the decree did not enjoin defendant from engaging in any business but only from hiring employes, the collateral attack issue is moot.

Affirmed.