Argued and submitted August 5, affirmed September 28, reconsideration denied
November 10, petition for review allowed November 29, 1983 (296 Or 120)
See 297 Or 273, 683 P2d 547 (1984)

## SCHWERDT dba Western
## Azalea Nursery,
### *Respondent,*

### *v.*

## MYERS et ux,
### *Appellants.*

## (19-792; CA A25978)

669 P2d 1147

Larry Dawson, Portland, argued the cause and filed the briefs for appellants.

Douglas E. Kaufman, Tillamook, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an action for property damage resulting from the escape of defendants' cattle onto plaintiff's neighboring land. Plaintiff's property is located in a livestock district in Tillamook County. The jury found for plaintiff, and defendants appeal from the resulting judgment. We affirm.

Defendants' first assignment is that the trial court erred by denying their motion for a directed verdict. Although there was sufficient evidence to support a finding that defendants were negligent in permitting the cows to escape onto plaintiff's property, defendants argue that plaintiff did not produce evidence that defendants were guilty of *criminal* negligence and

"[s]ince in Oregon there is no prohibition against permitting livestock to run at large except in a livestock district, civil liability for permitting livestock to run at large is established by showing a violation of ORS 607.045, a criminal statute. Such violation is shown only by proof of conduct considered to be criminally negligent * * *."

Plaintiff argues that a showing of ordinary negligence by defendants is sufficient to establish liability under ORS 607.044 and 607.045.[1]

ORS 607.045(1) provides:

"No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or to go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

ORS 607.044 provides:

"A person shall be liable to the owner or lawful possessor of land if he permits an animal of a class of livestock to run at

---

[1] Defendants cite *Kendall v. Curl et al,* 222 Or 329, 335, 353 P2d 227 (1960), and *Campbell v. Bridwell,* 5 Or 311 (1874), for the proposition that plaintiff can recover only if he establishes a statutory violation and that he has no common law right of action. *See also* ORS 607.044; *Parker v. Reter,* 234 Or 544, 546-47, 383 P2d 93 (1963). Whether that proposition is a correct one *in connection with livestock districts* is not an issue in this appeal. Both parties appear to accept that a statutory violation is a condition precedent to liability, although they disagree about what degree of negligence must be shown to prove a statutory violation in a civil action.

large upon such land and the land is located in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

In *Parker v. Reter,* 234 Or 544, 383 P2d 93 (1963), the Supreme Court disapproved a jury instruction which stated that, under ORS 607.045, "the fact that an animal was permitted to run at large is negligence as a matter of law," *i.e.,* that it gives rise to strict liability. 234 Or at 545. The court concluded that "ORS 607.045 is not violated unless the owner is *at fault* in permitting livestock embraced by the proscription to run at large." 234 Or at 549. (Emphasis supplied.) Elsewhere in the *Parker* opinion, the court made it clear that a defendant is "at fault" if he is negligent. 234 Or at 547, n 2, 549.

Defendants' contention that plaintiff had to prove "criminal negligence" is based on *Watzig v. Tobin,* 292 Or 645, 642 P2d 651 (1982). That was an action by a motorist for injuries which resulted from a collision with the defendants' cow on a highway subject to and described in ORS 607.510(1):

"No person shall allow cattle, horses, mules, sheep, goats, swine or other livestock of any kind, to run at large, be pastured, staked or tethered upon the following state highways:

"(1) That part of the Oregon coast highway, state highway No. 9, extending from the north boundary of Tillamook County to the south boundary of Lane County.

"* * * * *"

A violation of ORS 607.510, like a violation of ORS 607.045(1), is a misdemeanor. ORS 607.992.

The court concluded in *Watzig* that "at least criminal negligence must be shown before [ORS 607.510] would be violated." 292 Or at 658. It explained:

"*Parker v. Reter,* 234 Or 544, 383 P2d 93 (1963), although decided before the enactment of the Criminal Code in 1971, is relevant to whether ORS 607.510 '* * * clearly indicates a legislative intent to dispense with any culpable mental state requirement * * *.' ORS 161.105(1)(b). *Parker v. Reter* involved a statute which is similar to ORS 607.510. * * *

"In *Parker,* the plaintiff's automobile collided with two cows which had escaped from the defendant's barn and went upon the adjoining highway. The trial court instructed the jury that the defendant was negligent as a matter of law. On

the appeal, we construed the statute to extend to cattle running upon a highway and held that the statute was not violated unless the owner was at least negligent in permitting livestock to run at large. * * *

"The verb 'allow,' as used in ORS 607.510, has essentially the same meaning as the verb 'permit,' as used in ORS 607.045(1). Therefore, the words of ORS 607.510—'No person shall allow cattle * * * to run at large, be pastured, staked or tethered * * *'—do not '* * * clearly indicate a legislative intent to dispense with any culpable mental state requirement.' On the contrary, these words, our holding in *Parker v. Reter, supra,* and ORS 161.095(2) and ORS 161.105(1) compel the conclusion that one of the culpable mental states defined in ORS 161.085 must be proved." 292 Or at 657-58.

On the basis of its analysis of the showing that would be necessary to support a misdemeanor conviction for violating ORS 607.510, the court in *Watzig appears* to have adopted a minimum criminal negligence standard for liability in a civil action where a violation of ORS 607.510 is alleged. It is difficult to reconcile the standard the court adopted in *Watzig* with its reliance on *Parker* and its recognition that *Parker* held that a showing of negligence was enough to support civil liability for injuries arising out of a violation of ORS 607.045(1). It is also difficult to reconcile the court's adoption of the criminal negligence standard in *Watzig* with its conclusion earlier in the same opinion:

"* * * [U]nder the facts of this case, a jury could conclude that the cows would not have escaped in the absence of negligence and that the negligence which caused their escape was that of the defendants. Res ipsa loquitur was applicable." 292 Or at 652. (Footnote omitted.)[2]

If criminal negligence had to be shown to establish liability, *but see* n 1, *supra,* it is not at all clear why the availability of the *res ipsa loquitur* inference of negligence would be relevant.

■     In any event, the controlling case here is *Parker,* where the Supreme Court construed ORS 607.045(1), the statute involved in this case. We do not understand *Parker* to have

---

[2] The court held that failure to give a requested *res ipsa loquitur* instruction was not reversible error, because the plaintiff was not prejudiced and because the instruction as requested did not correctly state the law.

been modified or overruled by *Watzig,* which construed a different statute and which relied on *Parker.* We therefore conclude that plaintiff was required to prove simple negligence to create a jury question and that he did so. The motion for a directed verdict was properly denied.

Four of plaintiff's five remaining assignments of error relate to instructions the court gave or to its refusal to give requested instructions. Those four assignments raise basically the same issue as plaintiff's first assignment, and they do not require additional discussion.

The last assignment is that the court erred by denying defendants' motion for a directed verdict on the ground that plaintiff did not prove that the "incident occurred in a livestock district." After the motion was made, the court permitted plaintiff to reopen his case. Plaintiff introduced a copy of an order of the Oregon Department of Agriculture that all of Tillamook County, with the exception of land "entirely [e]nclosed by federal land" and "public roads passing through federal land," is a livestock district. *See* ORS 607.051. Plaintiff then testified that his property is four or five miles outside the city of Tillamook and that no land abutting his property is federally-owned. After plaintiff rested, defendants' counsel said to the court:

"I don't think the evidence just presented solves your problem at all. The question is whether the cattle were kept in a livestock district, not whether [plaintiff] lived in a livestock district. Cows can get out here and find their way over to Pendleton and do damage there, but the question we are talking about is whether the cattle were in a livestock district and I don't think you have any basis to take judicial notice of whether they were or weren't."

The court judicially noticed that the incident occurred in a livestock district, and the jury was so instructed. Defendants argue:

"Plaintiff in this case failed to offer any proof that defendants' acts or omissions took place in a livestock district, choosing instead to ask the court to take judicial notice of that fact. When the court found itself unable to do so because of a total absence of evidence on that point, plaintiff was allowed to reopen its case and then offered * * * a copy of the order of the State Department of Agriculture establishing all of

Tillamook County as a livestock district except those lands contiguous to federally owned land.

"Plaintiff failed to show that defendants' property was not subject to the exception; plaintiff failed even to show whether defendants' property was located in Tillamook County. The court should have directed a verdict in defendants' favor, but most certainly should not have taken judicial notice that defendants' acts or omissions occurred in a livestock district. That was a fact subject to reasonable dispute, OEC 201(b).

"Plaintiff supplied the court with information necessary to establish that parts of Tillamook County are within a livestock district, but not to establish that defendants' conduct occurred in one of those parts or even that it occurred in Tillamook County. It was improper for the court to take judicial notice. The strongest position the court could have justifiably taken was to submit to the jury the issue of whether defendants' conduct occurred in a livestock district, but it could not even do that in the total absence of evidence that defendants' conduct occurred in Tillamook County."

Defendants' emphasis on whether there was proof of where *their* conduct occurred or that *their* property is located in a livestock district is misplaced. ORS 607.045(1) is violated, *inter alia,* by permitting an animal "to go upon the land of another in a livestock district." The words "in a livestock district" appear to relate to all of the other prohibitions in the section as well as the proscription of permitting an animal to go upon another's land. However, ORS 607.044, the companion provision of ORS 607.045, provides that an owner of land may recover against a person who "permits an animal * * * to run at large upon such land and the land is located in a livestock district * * *."[3] We conclude that a violation of ORS 607.045(1) occurs and that damages can be recovered under ORS 607.044 if an animal is permitted to escape onto property which is in a livestock district, regardless of whether the escape originated or the culpable conduct giving rise to it also took place in a livestock district.[4]

---

[3] ORS 607.044 was enacted by Oregon Laws 1957, ch 604, § 15. Section 16 of the same act amended ORS 607.045, *inter alia,* to add the prohibition against permitting an animal "to go upon the land of another in a livestock district."

[4] We do not imply that ORS 607.045(1) *cannot also* be violated by culpable conduct that takes place in a livestock district and that results in an animal's escape onto another's property. We also do not imply that the location of the property damaged by the animal is relevant for purposes of *venue* in a criminal prosecution under ORS 607.045(1).

■ Plaintiff's proof that the damage occurred in a livestock district was sufficient. His exhibit showed that all territory in the county, except land in a certain proximity to federal land, is a livestock district; his testimony supported a finding that his property is not in proximity to federal land; and his testimony about the distance of his property from the city was sufficient for the court to take judicial notice that the property is in Tillamook County. *See State v. Eppers,* 138 Or 340, 346-47, 3 P2d 989, 6 P2d 1086 (1931).[5]

Affirmed.

---

[5] Defendants' assignment of error challenges only the denial of their motion for a directed verdict. They do not assign error to the court's taking judicial notice of the property's location, and their alternative contention that the court should have submitted the question to the jury rather than taking judicial notice cannot be raised under the assignment of error they make. Although it is academic, we do not find in the record that defendants contended at trial that the location issue should have been submitted to the jury. Defendants have assigned error to the negligence instructions, in the context of which the court charged the jury that "the incident in question in this case occurred within a livestock district." However, defendants' exception to those instructions was not made on grounds related to proof of location or to the appropriateness of judicial notice.