Argued and submitted January 25, affirmed June 19,
petition for rehearing denied July 24, 1984

# SCHWERDT dba Western
# Azalea Nursery,
*Respondent on Review,*

*v.*

# MYERS et ux,
*Petitioners on Review.*

## (CA A25978; SC S30090)

683 P2d 547

Larry Dawson, Portland, argued the cause and filed briefs
and petition for petitioners on review.

Douglas E. Kaufman, of Kaufman & McMinimee, Tillamook, argued the cause and filed a brief and response to the petition for respondent on review.

PETERSON, C. J.

## PETERSON, C. J.

ORS 607.005 defines a "livestock district" as "an area wherein it is unlawful for livestock * * * to run at large." In this action plaintiff seeks damages resulting from the escape of defendants' heifers onto plaintiff's commercial nursery located in a livestock district in Tillamook County. The jury found for plaintiff under a standard common law negligence instruction that required a finding only of simple negligence for plaintiffs to recover. Defendants appealed claiming that "criminal negligence," as defined in ORS 161.085(10), was the appropriate standard and that criminal negligence had not been established.[1] The Court of Appeals affirmed. *Schwerdt v. Myers*, 64 Or App 677, 669 P2d 1147 (1983). The resolution of this case involves three statutes (ORS 607.044, 607.045, and 607.992) and consideration of our opinion in *Watzig v. Tobin*, 292 Or 645, 642 P2d 651 (1982).

The applicable statutes are:

ORS 607.044

"A person shall be liable to the owner or lawful possessor of land if he permits an animal of a class of livestock to run at large upon such land and the land is located in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

ORS 607.045(1)

"(1)    No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or to go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

ORS 607.992

"Violation of any provision of this chapter is a misdemeanor."

---

[1] "Criminal negligence" is defined in ORS 161.085(10) as follows:

" 'Criminal negligence' or 'criminally negligent,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person fails to be aware of a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

Plaintiff's second amended complaint alleges that defendants' cattle entered plaintiff's property and damaged his plants. The complaint alleges that the defendants were negligent:

"1.   In failing to maintain the fencing in a proper state of repair to prevent the cattle from escaping defendants' property.

"2.   In failing to maintain proper control over their cattle."

At trial, the defendants moved for a directed verdict. They asserted, first, that there was no common law cause of action for such damages; second, that plaintiff's remedy, if any, was under ORS 607.045(1) which required proof of "criminal negligence" as defined in ORS 161.085(10); and third, that the evidence was insufficient to prove criminal negligence. The motion was denied.

Thereafter, the trial court instructed the jury as follows:

"Oregon Law provides: No person owning or having the custody, possession, or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured, or to go upon the land of another person in a livestock district in which it is unlawful for that class of livestock to be permitted to run at large. * * * You are instructed that the incident in question in this case occurred within a livestock district in which it is unlawful for livestock to be permitted to run at large. Before you may award compensation for damages resulting from a violation of this statute, you must find that the defendants were negligent in one or more of the respects set forth in the plaintiff's amended Complaint * * *.

"In general it is the duty of every person in our society to use reasonable care in order to avoid damage to himself or to another person in any situation in which it would reasonably be anticipated that a failure to use such care might result in such damage. Reasonable care is that care which persons of ordinary prudence exercise in the management of their own affairs in order to avoid injury to themselves or others. Common law negligence, therefore, is the doing of some act which a reasonably prudent person would not do or the failure to do something which a reasonably prudent person would do under the same or similar circumstances. Care should be in keeping with the dangers apparent or reasonably to be

expected at the time and place in question and not in light of aftereffects or hindsight. * * *"

The defendants excepted claiming that the instructions failed to state the appropriate standard—criminal negligence. The defendants relied upon *Watzig v. Tobin, supra.*

In *Watzig,* the plaintiff's car collided with defendants' cow on a highway in a livestock district. On appeal the plaintiff claimed that the trial court erred in failing to instruct the jury that the defendants were negligent as a matter of law for violating another statute in ORS chapter 607, ORS 607.510, which states in part: "No person shall allow cattle * * * to run at large * * * upon [a designated highway]." We held, consistent with *Parker v. Reter,* 234 Or 544, 383 P2d 93 (1963) (*see* footnote 2), that the word "allow," as used in ORS 607.510, indicated that fault must be shown before there could be any recovery of civil damages based upon a violation of ORS 607.510. We stated:

> "The verb 'allow,' as used in ORS 607.510, has essentially the same meaning as the verb 'permit,' as used in ORS 607.045(1). Therefore, the words of ORS 607.510— 'No person shall allow cattle * * * to run at large, be pastured, staked or tethered * * *'—do not '* * * clearly indicate a legislative intent to dispense with any culpable mental state requirement.' On the contrary, these words, our holding in *Parker v. Reter, supra,* and ORS 161.095(2) and ORS 161.105(1) compel the conclusion that one of the culpable mental states defined in ORS 161.085 must be proved.

> "The plaintiff's requested instruction is inconsistent with the requirement that at least criminal negligence must be shown before the statute would be violated. Therefore, the trial court properly refused to give the requested instruction." *Watzig v. Tobin, supra,* 292 Or at 658, 642 P2d at 659.

On their appeal here, defendants assert:

> "Since in Oregon there is no prohibition against permitting livestock to run at large except in a livestock district, civil liability for permitting livestock to run at large is established by showing a violation of ORS 607.045, a criminal statute. Such violation is shown only by proof of conduct considered to be criminally negligent, and no such showing was made here."

The defendants' argument in the instant case completely ignores ORS 607.044, which was not cited to us nor considered

by us in *Watzig v. Tobin, supra.*[2] ORS 607.044 expressly creates civil liability against one who permits livestock to run at large in a livestock district. It is not a criminal statute. There is no criminal penalty for violating ORS 607.044.

■ Instructions in terms of criminal negligence are not appropriate under ORS 607.044. Instructions in terms of fault are. As we pointed out in *Parker v. Reter,* 234 Or 544, 549, 383 P2d 93, 95 (1963), and in *Watzig v. Tobin,* 292 Or 645, 657-58, 642 P2d 651, 659 (1982), use of words such as "permits" or "allows" in the statute connote an element of fault based upon actual or constructive knowledge. Simple negligence is the appropriate standard under ORS 607.044.[3]

---

[2] *Watzig v. Tobin,* 292 Or 645, 642 P2d 651 (1982), involved neither ORS 607.044 nor 607.045(1). It involved allowing cattle on a designated highway, conduct which is prohibited under ORS 607.510 but not by an independent statute which expressly imposes civil liability.

[3] In *Parker v. Reter,* 234 Or 544, 383 P2d 93 (1963), the trial court had instructed the jury under ORS 607.045(1) that the cattleowner would be liable as a matter of law if cattle escaped and entered a highway, causing damage. We reversed, stating that "ORS 607.045 is not violated unless the owner is at fault in permitting livestock * * * to run at large." 234 Or at 549.

On the question whether any civil liability would flow from the violation of ORS 607.045(1), in *Parker v. Reter, supra,* the court noted that because ORS 607.044 mentions only civil liability to the "owner or lawful possessor of land," it could be argued that the legislature intended to exclude civil liability to motorists for damage sustained on highways. The opinion goes on to state:

"* * * However, ORS 607.045, as we construe it, includes a proscription against negligently permitting livestock to run upon a highway and in this respect constitutes a legislative declaration of a standard of conduct which, if violated, would give rise to liability. * * *" 234 Or at 547 n 2, 383 P2d at 94 n 2.

The court did not otherwise touch upon the appropriate standard of negligent conduct.

Whether a violation of ORS 607.045(1) would establish civil liability in damages was not at issue in *Parker v. Reter, supra.* The case turned upon whether ORS 607.045(1) created liability without fault. ORS 607.044 was not discussed or cited other than as mentioned. When *Parker v Reter, supra,* was decided, a violation of ORS 607.045(1) was punishable only by a $25 fine. *See* ORS 607.990(1) (1963). In 1967, the legislature made violation of any provision of ORS chapter 607 a misdemeanor and repealed ORS 607.990. *See* Or Laws 1967, ch 113, §§ 2, 3; ORS 607.992.

Relative to the culpable mental state issue which defendants would like us to consider, the requirement that criminal liability normally requires a showing of one of the culpable mental states defined in ORS 161.085 came into existence in 1971. Or Laws 1971, ch 743, §§ 7-10. To the best of our knowledge, since the enactment of the Oregon Criminal Code of 1971 this court has not been faced with a case directly involving the question whether a violation of a criminal statute within the Criminal Code creates an independent civil remedy; and if so, what culpable mental state must be proved to establish liability. On these questions *see Miller v. City of Portland,* 288 Or 271, 278, 604 P2d 1261, 1265 (1980); Restatement of Torts (Second), 303-04,

Although the trial judge read the text of ORS 607.045(1) to the jury, his instructions, viewed as a whole, correctly state a cattleowner's duty of care under ORS 607.044. There is nothing to suggest that the defendants were prejudiced because the trial court read the provisions of ORS 607.045(1) to the jury.

Defendants' second assignment of error questions the conclusion of the Court of Appeals that ORS 607.045(1) is violated and "damages can be recovered under ORS 607.044 if an animal is permitted to escape onto property which is in a livestock district, regardless of whether the escape originated or the culpable conduct giving rise to it also took place in a livestock district." (Footnote omitted.) *Schwerdt v. Myers*, 64 Or App 677, 683, 669 P2d 1147, 1151 (1983). On this assignment, we fully agree with the analysis and conclusion of the Court of Appeals.

The decision of the Court of Appeals is affirmed.

---

§ 874A, comment *e* (1979); Restatement of Torts (Second), § 285, comments *b* and *c;* § 286, comment *d;* § 288 (1979); W. Prosser, The Law of Torts 190-92 (4th ed 1971); Lowndes, *Civil Liability Created by Criminal Legislation,* 16 Minn L Rev 361, 365-70 (1932); Morris, *The Relation of Criminal Statutes to Tort Liability,* 46 Harv L Rev 453, 465-67 (1933); Thayer, *Public Wrong and Private Action,* 27 Harv L Rev 317, 319-22 (1914).