Argued and submitted April 18, reversed and remanded October 24, 1984

STATE OF OREGON,
*Appellant,*

*v.*

ROBERT MORRIS KELSO,
*Respondent.*

(B65-527; CA A30400)

689 P2d 1307

Christine Chute, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General.

Gary K. Jensen, Eugene, argued the cause for respondent. With him on the brief was David Allen Filer, Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

The state appeals from a pretrial order sustaining defendant's demurrer to the complaint. ORS 138.060(1). We reverse and remand for trial.

Defendant was charged with violating ORS 607.045(1) by permitting his horse to run at large upon the land of another within a livestock district.[1] Although ORS 607.045(1) does not specify a culpable mental state, the complaint alleged that defendant acted with criminal negligence. *See* ORS 161.105(3). The trial court construed ORS 607.045(1) to require a higher degree of criminal culpability than criminal negligence, and it sustained defendant's demurrer. It expressly relied on language in *Parker v. Reter,* 234 Or 544, 383 P2d 93 (1963), a civil case construing ORS 607.045(1),[2] when it sustained defendant's demurrer:

> "It is held that the word 'permit' implies knowledge, consent or willingness on the part of the owner that the animals be at large." 234 Or at 549.[3]

The trial court has read *Parker* too narrowly.

In a footnote to the sentence relied on by the trial court, the Supreme Court stated:

> "Typical is the statement in *Gardner v. Black,* 217 NC 573, 577, 9 SE2d 10 (1940):
>
> "* * * Such a statute as this relating to allowing or permitting livestock to run at large, "implies knowledge, consent, or willingness on the part of the owner that the animals be at large, *or such negligent conduct as is equivalent thereto * * *.*" ' " (Emphasis supplied.)

In using the footnote, the court seems to have recognized that

---

[1] ORS 607.045(1) provides:

"No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

[2] As far as we can discover this is the first criminal appellate decision construing ORS 607.045(1).

[3] In two recent civil cases, *Schwerdt v. Myers,* 297 Or 273, 683 P2d 547 (1984), and *Watzig v. Tobin,* 292 Or 645, 642 P2d 651 (1982), the Supreme Court has construed statutes related to ORS 607.045(1) in the context of jury instructions on negligence.

permitting livestock to run at large implies either negligence or knowledge.

In *Parker,* the court also relied on *Lemery v. Leonard,* 99 Or 670, 196 P 376 (1921). *Lemery* contains the following language:

> "[O]ne cannot be said to have permitted a thing of which he has no knowledge or means of knowledge, so, that, if his animals escape from his inclosure without his knowledge *or negligence,* he does not come within the prohibitions of the statute against 'permitting' his stock to be at large. To 'permit' means to allow by tacit consent or by not hindering, taking no steps to prevent, or to grant leave by express consent or authorization." (Emphasis supplied.) 99 Or at 678.

Because the court in *Parker* relied on *Lemery,* we will not assume that it did not agree with the statement in *Lemery* that permitting stock to run at large includes negligently doing so.

Assuming *arguendo* that the trial court did not read *Parker v. Reter, supra,* too narrowly, we would still be constrained to find that it erred in sustaining defendant's demurrer. ORS 161.105(3) provides:

> "Although an offense defined by a statute outside the Oregon Criminal Code requires no culpable mental state with respect to one or more of its material elements, the culpable commission of the offense may be alleged and proved, in which case criminal negligence constitutes sufficient culpability, and the classification of the offense and the authorized sentence shall be determined by ORS 161.505 to 161.605 and 161.615 to 161.655."

The offense defined by ORS 607.045(1) is outside the Oregon Criminal Code and does not require a culpable mental state. The state has, however, alleged the culpable commission of the offense as criminal negligence. The state has thus complied with ORS 161.105(3) to the letter. The statute, enacted in 1971, was not a part of the Oregon Criminal Code at the time that *Parker v. Reter* was decided. If, as the trial court found, *Parker* requires more, it was overruled by passage of ORS 161.105(3).

The order sustaining the demurrer is reversed and the case is remanded for trial.