Argued and submitted March 2, reversed and remanded May 11, reconsideration denied July 1, petition for review allowed July 26, 1988 (306 Or 413)
See 307 Or 175 (1988)

# DUNLAP,
*Appellant,*

*v.*

# DICKSON,
*Respondent.*

## (86-CV-0298-TM; CA A45303)

754 P2d 27

John Berge, Bend, argued the cause for appellant. On the brief were Gregory P. Lynch and Gray, Fancher, Holmes & Hurley, Bend.

Barbara A. Haslinger, Bend, argued the cause for respondent. On the brief was Michael B. McCord, Bend.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

This case concerns a collision between a cow and a tractor-trailer on State Highway 97 in a "livestock district." Plaintiff driver sued defendant, owner of the cow, on a theory of ordinary negligence. Defendant obtained a summary judgment on the grounds that (1) there is no common law negligence action available to a motorist who hits an animal described in ORS chapter 607 and (2) the applicable statute is ORS 607.045(1), which requires that plaintiff prove criminal negligence. Plaintiff admits that he cannot prove criminal negligence. We agree that there is no common law right of action. However, ORS 607.044 governs here, and the standard under that statute is simple negligence. We reverse and remand.

■ Plaintiff first contends that he is entitled to pursue a common law claim. He relies on *Fazzolari v. Portland School District No. 1J,* 303 Or 1, 734 P2d 1326 (1987), which analyzes the concept of "duty" in a negligence action as ordinarily being a question of foreseeability of risk of harm. Foreseeability is, in turn, a question of fact for the factfinder. However, the holding is limited:

> "In short, *unless the parties invoke* a status, a relationship, or *a particular standard of conduct that creates, defines, or limits the defendant's duty,* the issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." 303 Or at 17. (Emphasis supplied; *see also* 303 Or at 4.)

In this case, a statute sets "a particular standard of conduct that creates, defines, or limits the defendant's duty." Therefore, the question of whether defendant was independently negligent because of a foreseeable risk of harm does not enter into the case. As explained in *Kendall v. Curl et al,* 222 Or 329, 332, 353 P2d 227 (1960):

> "The role of the court in [a motorist's claim against the owner of a horse that strayed onto a highway] is restricted by statutory enactment. The legislature has entered the field, and has declared the policy of the state with regard to the rights and duties of those who keep cattle and horses."

Accordingly, plaintiff has no common law right of action.

■      The next question is whether ORS 607.044 or ORS 607.045(1) "defines * * * the defendant's duty" in this situation. ORS 607.044 provides:

> "A person shall be liable to the owner or lawful possessor of land if the person permits an animal of a class of livestock to run at large upon such land and the land is located in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

ORS 607.045(1) provides:

> "No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or to go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

The essence of defendant's position is that ORS 607.044 and ORS 607.045 proscribe different types of conduct.[1] We disagree. They proscribe the same conduct. ORS 607.045 makes it a misdemeanor to allow livestock to run at large in a livestock district. *See* ORS 607.992. "ORS 607.044 expressly creates civil liability against one who permits livestock to run at large in a livestock district." *Schwerdt v. Myers,* 297 Or 273, 278, 683 P2d 547 (1984).

Two things show the legislature's intent to cover the same conduct in the two sections. First, they were adopted in their present form as successive sections of the same act. Or Laws 1957, ch 604, §§ 15, 16. Second, the words used in each section to describe a livestock owner's conduct are as close to the same as differing grammatical constructions allow: "permits an animal * * * to run at large" (ORS 607.044) and "permit the animal to run at large" (ORS 607.045(1)). *See Parr v. Dept. of Revenue,* 276 Or 113, 118-19, 553 P2d 1051 (1976); *State ex rel Nilsen v. Hayes,* 20 Or App 135, 141, 530 P2d 1264 (1975).

■      Having determined that ORS 607.044 governs civil liability for allowing livestock to run at large, we next address whether the statute applies in the present case. Defendant argues, and the trial court held, that ORS 607.044 does not apply, because a motorist is not "the owner or lawful possessor

---

[1] Our research reveals no helpful legislative history.

of land." The trial court pointed to *dictum* in *Parker v. Reter,* 234 Or 544, 547 n 2, 383 P2d 93 (1963):

> "It is possible to argue that since ORS 607.044 deals with civil liability for damage done by livestock running at large and mentions only the liability to the 'owner or lawful possessor of land' the legislature intended to exclude civil liability to others including motorists. However, ORS 607.045, as we construe it, includes a proscription against negligently permitting livestock to run upon a highway and in this respect constitutes a legislative declaration of a standard of conduct which, if violated, would give rise to liability."

In that passage, the Supreme Court neither agreed with the argument that it called "possible" nor determined the applicable standard of negligence (ordinary versus criminal). Indeed, the court's use of "however" suggests that the two statutes should be read together to create civil liability under ORS 607.044 when a car collides with a cow. *See Schwerdt v. Myers, supra,* 297 Or at 278 n 3.[2]

As discussed above, ORS 607.044 and ORS 607.045(1) are companion statutes, intended by the legislature to have the same scope. The Supreme Court has held that ORS 607.045(1) "includes a proscription against negligently permitting livestock to run upon a highway." *Parker v. Reter, supra,* 234 Or at 547 n 2. Civil liability for the same conduct rests on ORS 607.044. "Simple negligence is the appropriate standard under ORS 607.044." *Schwerdt v. Myers, supra,* 297 Or at 278.

Reversed and remanded.

---

[2] Defendant also relies on *Watzig v. Tobin,* 292 Or 645, 642 P2d 651 (1982), but, as noted in *Schwerdt v. Myers, supra,* 297 Or at 278, *Watzig* involved neither ORS 607.044 nor ORS 607.045(1). The interpretation in *Watzig* of the later-enacted criminal prohibition, ORS 607.510, is of no assistance. In the trial court, defendant drew an analogy to ORS 607.303, the text of which refers to the "person in lawful possession" of enclosed property. Because the title of ORS 607.303 refers to "owner or lessor," defendant argued that "person in lawful possession" means only the "owner or lessor" of the property. However, the title is not part of the law and is no indication of legislative intent. ORS 174.540; *Mitchell v. Board of Education,* 64 Or App 565, 568, 669 P2d 356, *rev den* 296 Or 120 (1983).