Argued and submitted September 6, the decision of the Court of Appeals affirmed, the
decision of the trial court reversed and remanded to trial court for further proceedings
December 6, 1988

## DUNLAP,
*Respondent on Review,*

*v.*

## DICKSON,
*Petitioner on Review.*

(TC No. 86-CV-0298-TM; CA A45303; SC S35278)

765 P2d 203

Michael B. McCord, Bend, argued the cause for petitioner on review. With him on the petition was McCord & Haslinger, P.C.

Gregory P. Lynch, Bend, argued the cause for respondent on review.

CARSON, J.

## CARSON, J.

We are called upon to decide whether plaintiff may recover for damages upon a theory of statutory liability or common law negligence.

Plaintiff's tractor-trailer collided with a cow while plaintiff was driving on State Highway 97 in Deschutes County. Plaintiff sued defendant owner of the cow for damages to his vehicle and for "lost wages." Defendant moved for summary judgment, which the trial court granted. The Court of Appeals reversed. *Dunlap v. Dickson,* 91 Or App 150, 754 P2d 27 (1988). We affirm the decision of the Court of Appeals for the reasons set forth below.

The mishap occurred in a "livestock district." ORS 607.005(5). In a livestock district, cows and other "livestock" may not "run at large." ORS 607.005. In effect, this means that a livestock owner at all times must retain control over livestock within a livestock district.[1] Livestock districts are to be distinguished from "open range." On "open range," livestock may run at large. ORS 607.005(6).

In his second amended complaint, plaintiff alleged that defendant "was negligent in permitting said cow to run at large on said highway in an area which is designated a closed livestock district." Plaintiff claims relief not only on the basis of alleged common law negligence, but also upon the basis of alleged violations of two statutes, ORS 607.044 and 607.045(1).

### I. ALLEGED VIOLATIONS OF ORS 607.044 and 607.045(1)

ORS 607.044 provides for civil liability when a person permits livestock to run at large in a livestock district. *Schwerdt v. Myers,* 297 Or 273, 278, 683 P2d 547 (1984). ORS 607.044 provides:

"A person shall be liable to the owner or lawful possessor of

---

[1] *See Parker v. Reter,* 234 Or 544, 547-48, 383 P2d 93 (1963) ("run at large" construed to mean "unattended"); *Lemery v. Leonard,* 99 Or 670, 673-77, 196 P2d 376 (1921) ("running at large" construed to mean "beyond the control of [the livestock's] owner"); *Keeney v. O. R. & N. Co.,* 19 Or 291, 292, 24 P 233 (1890) ("[s]tock running at large are animals that roam and feed at will, and are not under the immediate direction and control of any one").

land if the person permits an animal of a class of livestock to run at large upon such land and the land is located in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

ORS 607.044 creates liability for permitting livestock to run at large upon the land of another. On its face, it does not create liability for permitting livestock to run at large upon a highway.

ORS 607.045(1), when read with ORS 607.992,[2] creates criminal liability. *See State v. Kelso,* 70 Or App 393, 689 P2d 1307 (1984). ORS 607.045(1) provides:

"No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or to go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

This court has construed ORS 607.045(1) to proscribe permitting livestock to run at large upon a highway. *Parker v. Reter,* 234 Or 544, 548, 383 P2d 93 (1963). ORS 607.045(1) thus appears more extensive than ORS 607.044 in attaching liability to certain activities.

In his brief to the Court of Appeals, plaintiff argued that he was entitled to recover under ORS 607.045(1). While conceding that defendant was not "criminally negligent," plaintiff argued that only "simple negligence" is required to recover under the statute. *Compare Watzig v. Tobin,* 292 Or 645, 642 P2d 651 (1982) (criminal negligence required to prove violation of ORS 607.510, a related criminal statute) *with Schwerdt v. Myers, supra* (simple negligence appropriate standard under ORS 607.044).

The Court of Appeals, however, held for plaintiff on different grounds. It concluded that ORS 607.044 and 607.045(1) are directed towards the same activity, *i.e.,* permitting livestock to run at large upon a highway. *Dunlap v. Dickson, supra,* 91 Or App at 153-54. According to this interpretation, a person may be *criminally* liable under ORS

---

[2] ORS 607.992 provides: "Violation of any provision of [chapter 607] is a misdemeanor."

607.045(1) and *civilly* liable under ORS 607.044 for permitting livestock to run at large upon a highway.

■        Plaintiff's claims under either ORS 607.044 or 607.045(1) constitute claims for statutory liability.[3] *See Bellikka v. Green,* 306 Or 630, 762 P2d 997 (1988); *Gattman v. Favro,* 306 Or 11, 757 P2d 402 (1988). To prevail, plaintiff must show that either statute grants him, as a member of the class the statute is designed to protect, the right to recover damages if noncompliance with the statute results in harm of the kind the statute was designed to prevent. *See Gattman v. Favro, supra,* 306 Or at 24.

■        Having said that, it is clear that plaintiff cannot recover under ORS 607.044. By its terms, the statute imposes liability only in cases in which livestock runs at large upon the lands of another. By no stretch of the imagination is a motorist an "owner or lawful possessor" of the highway upon which he or she drives so as to bring that motorist within the confines of ORS 607.044. Because plaintiff is not a member of the class ORS 607.044 is designed to protect, nor are plaintiff's injuries the kind of harm the statute is designed to prevent, we conclude that plaintiff cannot recover under ORS 607.044.

■        For different reasons, we conclude that plaintiff cannot recover under ORS 607.045(1). As stated above, ORS 607.045(1) proscribes permitting livestock to run at large upon a highway. *Parker v. Reter, supra,* 234 Or at 548. *Parker,* however, was a common law negligence case that did not concern whether the plaintiff could recover on the basis of statutory liability.

Plainly, the legislature did not *expressly* intend a right to recover damages. ORS 607.045(1) is a criminal statute. While criminalizing conduct, it does not expressly provide a civil remedy to those injured by the conduct.

Moreover, we do not infer an *implied* remedy from the statute. Significant is the existence of the parallel civil provision to ORS 607.045(1)—ORS 607.044. In ORS 607.044, the legislature *did* provide a recovery to those injured by livestock running at large upon their land but *did not* to those injured in

---

[3] We prefer to use the term "statutory liability" in place of the term "statutory tort." *See Bellikka v. Green,* 306 Or 630, 634-35, 762 P2d 997 (1988).

collisions with livestock running at large upon a highway. The legislature has spoken to statutory civil liability in this area. We cannot, on our own, create what the legislature has chosen to forego.

Plaintiff cannot recover on the basis of statutory liability for his alleged injuries. We turn to whether he may recover on the basis of common law negligence.

## II.  COMMON LAW NEGLIGENCE

Basing their respective decisions upon *Kendall v. Curl,* 222 Or 329, 353 P2d 227 (1960), the trial court and the Court of Appeals concluded that plaintiff had failed to state a claim for common law negligence.[4] We conclude to the contrary.[5]

In *Kendall,* a motorist who collided with a horse upon a highway in an *open range* district brought an action against the owner of the horse. This court declared that the plaintiff-motorist had failed to state a cause of action because of the legislative decision to render the area open range. *Kendall v. Curl, supra,* 222 Or at 333-39. *See also Turrini v. Gulick,* 16 Or App 167, 517 P2d 1230 (1974) (no violation of "legal duty" by turning livestock out on open range). This court further declared in *dictum* that in those parts of the state "which have been designated as livestock districts, the act or omission which permits an animal to run at large is a violation of a legal (statutory) duty and hence, if it results in harm, is negligence as a matter of law." *Kendall v. Curl, supra,* 222 Or at 333. *Kendall* thus illustrates the importance of close attention to the statutory directive; what may be negligence in one part of the state may not be in another because of express legislative

---

[4] Plaintiff presented to the Court of Appeals the question of whether the trial court erred in its common law negligence and statutory liability rulings. The Court of Appeals held for defendant on common law negligence but for plaintiff on statutory liability. Our decision today denies plaintiff a statutory claim; it would deny him a common law claim as well unless we reach the issue, as we may. ORAP 10.15(2); *see Blair v. Mt. Hood Meadows Development Corp.,* 291 Or 703, 634 P2d 241 (1981). We reach the issue for two reasons: (1) The close connection between the statutory and common law issues; and (2) to avoid unnecessary technicality when we may do so and doing so resolves issues fairly raised below.

[5] For background on common law negligence in this area, see generally Annotation, *Liability of Owner of Animal for Damage to Motor Vehicle or Injury to Person Riding Therein Resulting from Collision with Domestic Animal at Large in Street or Highway,* 29 ALR4th 431 (1984).

policy. *Cf. Bilderback v. United States,* 558 F Supp 903 (D Or 1982) (applying Oregon law and suggesting that Oregon courts might impose "duty of reasonable care" upon livestock owner outside open range area).

*Kendall* suggests that a claim for common law negligence exists. So does *Watzig v. Tobin, supra.* In *Watzig,* a motorist struck a cow on a highway where livestock were not allowed to run at large. *See* ORS 607.510. We determined that *res ipsa loquitur* applied because the jury could have concluded that the cow would not have been upon the highway absent the owner's negligence. *Watzig v. Tobin, supra,* 292 Or at 648-52. Although the question was not presented, there would have been no point in determining the applicability of *res ipsa* if plaintiff could not state a claim for common law negligence.

We conclude that plaintiff may state a claim for common law negligence. This accords with legislative policy, which places certain restrictions upon the movement of livestock within a livestock district. The legislature has enacted a statute, ORS 607.045(1), that prohibits permitting livestock to run at large upon a highway. Other provisions of chapter 607 also suggest that the legislature intended that livestock not be permitted to run at large upon a highway in a livestock district. *See* ORS 607.005(5).

Our conclusion does not conflict with our determination that plaintiff may not recover for statutory liability based upon ORS 607.044 or 607.045(1). As was stated long ago, the legislature must be assumed to know and to anticipate that a statute may affect private rights under the common law when it enacts the statute. Thayer, *Public Wrong and Private Action,* 27 Harv L Rev 317, 320 (1913-14). Although the legislature expressly provided a remedy to owners and possessors of land under ORS 607.044 and created criminal liability for certain activities under ORS 607.045(1), it remains for this court to determine the effect of these and similar statutes upon a plaintiff's common law right to recover.

The decision of the Court of Appeals is affirmed. The decision of the trial court is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.