Argued and submitted April 13, affirmed June 6, 1990

# SIEGFRIED,
*Appellant,*

*v.*

# PACIFIC NORTHWEST
# DEVELOPMENT CORPORATION,
*Respondent.*

(151,101; CA A48763)

793 P2d 330

Donald A. Bick, Eugene, argued the cause for appellant. With him on the briefs was Bick & Monte, P.C. Eugene.

G. Marts Acker, Portland, argued the cause for respondent.

With him on the brief were Cathy E. Smith and Acker, Underwood, Norwood & Hiefield, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff is the father and guardian *ad litem* of a minor child. Defendant is the developer of a subdivision in which plaintiff and his family resided. Plaintiff alleged that defendant was negligent in connection with the presence and concentration of manganese in the subdivision's water system and that, as a result, the child suffered brain damage. Defendant contended that the child's disorder was not caused by the manganese but that he was afflicted with autism of unknown etiology. The jury found by special interrogatories that defendant was negligent but that the negligence was not "a substantial cause of damage to Plaintiff." Plaintiff appeals from the resulting judgment, and we affirm.

■ Plaintiff's first assignment is that the court erred by admitting certain school records and certain testimony by school officials that referred to the child as autistic. The evidence was apparently[1] offered for the purpose of showing that the child was eligible for special education programs. That fact was, in turn, relevant to damages—a question that the jury did not reach. Plaintiff argues, however, that the evidence also reflected on the ultimate question of whether autism or manganese ingestion was the cause of the child's symptoms. As such, according to plaintiff, the evidence was more prejudicial than probative. We disagree. The evidence was probative of the fact for which it was offered. The likelihood that the jury misused it in the way that plaintiff suggests is small. As the trial court noted, the jury had heard evidence in the lengthy trial about causation and both parties' witnesses frequently used the terms "autism" and "autistic" to identify a cluster of symptoms rather than the cause of the disorder. Plaintiff does not suggest that he asked for a limiting instruction. Admission of the evidence was not error.

■ Plaintiff's second assignment is that the same or similar evidence of plaintiff's eligibility for free or inexpensive school programs should not have been received. It was evidence of damages that, in plaintiff's view, contravened the "collateral source" rule. Be that as it may, the jury's finding on the causation question made it unnecessary for it to reach the

---

[1] Plaintiff's assignments of error do not comply with the appellate rules requiring that appellant set out relevant portions of the record.

damages issue. Plaintiff nevertheless contends that the asserted error was prejudicial, because everything is connected with everything else and the jury's thinking on damages may have affected its finding on causation. We again disagree. The jury made special findings and plaintiff does not contend that the jury was improperly instructed on the questions that were presented to it.

■ Plaintiff next assigns error to the court's refusal to strike the testimony of defendant's experts. He argues that defendant's counsel provided the experts with daily transcripts of testimony, which purportedly violated the court's order excluding witnesses. OEC 615. The court invited plaintiff to move for a mistrial rather than striking the experts' testimony. Plaintiff rejected the invitation. Assuming that any sanction was appropriate, the refusal of the specific sanction that plaintiff sought was within the court's discretion. *See State v. Burdge,* 295 Or 1, 664 P2d 1076 (1983).

Plaintiff's remaining assignments pertain to asserted errors in connection with his requests for judicial notice of statutory and regulatory provisions relating to subdivisions and water supplies and in the way the jury was (or was not) instructed on negligence *per se.* All of those assignments are relevant only to negligence, and the jury found that defendant was negligent. The assignments cannot show error that bears on the jury's causation finding.

Affirmed.