Argued and submitted May 8, peremptory writ to issue May 30, 1991

STATE ex rel Kevin L. STEPHENS,
as Personal Representative of
the Estate of Dolores McCarthy, deceased,
*Plaintiff-Relator,*

*v.*

Honorable Donald H. LONDER,
*Defendant.*

(SC S37542)

811 P2d 1375

Robert K. Udziela, Portland, argued the cause for plaintiff-relator. With him on the petition and brief were Robert J. Neuberger and Keith E. Tichenor of Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Carrell Bradley, Hillsboro, argued the cause for defendant. Larry A. Brisbee, Hillsboro, filed the brief for defendant.

GILLETTE, J.

## GILLETTE, J.

Plaintiff-relator, as personal representative, filed a wrongful death action in the Circuit Court for Multnomah County against Sisters of Providence in Oregon, dba St. Vincent Hospital and Medical Center. Sisters of Providence filed a motion to change the place of trial to Washington County on grounds that plaintiff-relator did not commence the action in the proper county, ORS 14.110(1)(a), and that the trial judge should change the place of trial for the convenience of the parties, ORS 14.110(1)(c). The trial judge granted the motion on the first ground. Plaintiff-relator then brought the present mandamus proceeding against the trial judge,[1] asking us to direct the trial judge to rescind the order changing the place of trial. We issued an alternative writ; the trial judge declined to change his ruling. We now determine that a peremptory writ should issue.

■  The pertinent statutes are ORS 14.080 and 14.110. ORS 14.080 provides:

"(1)  All other actions [including a wrongful death action] shall be commenced in the county in which the defendants, or one of them, reside at the commencement of the action or in the county where the cause of action arose. * * *

"(2)  For purposes of this section, a corporation incorporated under the laws of this state, * * * or a foreign corporation authorized to do business in this state shall be deemed to be a resident of any county where the corporation * * * has an office for the transaction of business or where any agent authorized to receive process resides."

The parties agree that Sisters of Providence, the defendant in the underlying proceeding, has an office for the transaction of business in Multnomah County and was served in Multnomah County. Therefore, venue for the underlying action properly was invoked in Multnomah County.

---

[1] The trial judge who ordered the change of place of trial was the Honorable Robert L. Kirkman, who later resigned from the bench. The substituted defendant is the Presiding Judge of the Circuit Court for Multnomah County. As is common in such cases, the trial judge is represented in this mandamus proceeding by counsel for the party that obtained the ruling in its favor in the trial court.

A change of venue was appropriate only if justified under ORS 14.110, which provides:

"(1) The court or judge thereof may change the place of trial, on the motion of either party to an action or suit, when it appears from the affidavit of such party that the motion is not made for the purpose of delay and, either:

"(a) That the action or suit has not been commenced in the proper county; or,

"* * * * *

"(c) That the convenience of witnesses and the parties would be promoted by such change; * * *."

The trial judge granted the motion for change of venue only on the basis of ORS 14.110(1)(a); the judge specifically denied the motion under ORS 14.110(1)(c).

The trial judge erred in granting the change of venue based on ORS 14.110(1)(a). He had no authority under that subsection to order venue changed from Multnomah County on the ground that the action had not been "commenced in the proper county" where, as here, venue of the action was properly in Multnomah County.

■ It is argued, in the alternative, that the order changing venue may be justified on the ground of convenience of the witnesses and the parties under ORS 14.110(1)(c). The trial judge expressly declined, however, to grant the change of venue on that ground, and it is inappropriate for us to substitute our judgment for his on a question so clearly committed to the discretion of the trial court. *State ex rel Douglas County v. Sanders*, 294 Or 195, 198 n 6, 655 P2d 175 (1982).

The order changing venue must be vacated. A peremptory writ shall issue.

Peremptory writ to issue.