Argued and submitted November 22, 1991, affirmed March 25, 1992

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
*Appellant,*
*and*

GRANDE RONDE HOSPITAL, INC.,
*Plaintiff,*

*v.*

CONTINENTAL CASUALTY
COMPANY,
*Respondent,*
*and*

Norma FOLLETT,
*Defendant.*

(9004-02148; CA A67004)

827 P2d 1366

Martin W. Jaqua, Portland, argued the cause for appellant. With him on the brief were John H. Holmes and Holmes & Folawn, Portland.

Lindsey H. Hughes, Portland, argued the cause for respondent. With her on the brief was Hallmark, Keating & Abbott, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

St. Paul Fire and Marine Insurance Company (plaintiff) appeals from a judgment dismissing its complaint for failure to state ultimate facts constituting a claim. ORCP 21A(8). Whether the complaint states a claim is a question of law. We treat as true the allegations in it and any inferences favorable to plaintiff that may be drawn. *Machunze v. Chemeketa Community College,* 106 Or App 707, 712, 810 P2d 406, *rev den* 312 Or 16 (1991).

Plaintiff insured Grande Ronde Hospital. Smith, a former patient at the hospital, sued it and Dr. Wolfe, alleging that they were negligent in causing her injuries. The action was settled, and plaintiff paid Smith $270,000. Plaintiff then brought this action against Continental Casualty Company (Continental) and Follett, a nurse whom Continental insured. Plaintiff alleged that they are required to contribute part of the settlement proceeds, because Follett was primarily responsible for Smith's injuries. Plaintiff did not allege that Continental insured the hospital or Wolfe.

Continental moved to dismiss the claim, arguing that it was not liable to plaintiff, because no judgment had been entered against Follett and it had no liability to anyone unless her liability was first established. The court granted the motion.

Plaintiff argues that an insurer who pays a settlement or a judgment on behalf of an insured may seek contribution from another insurer of the insured. It appears to acknowledge that Smith never sued Follett, that Follett was never brought in by the hospital or the doctor in the action against them and that Follett neither settled a claim nor was adjudged liable for Smith's injuries. Nonetheless, plaintiff asserts that it may, in *this* action, prove that Follett was liable.[1]

---

[1] Plaintiff describes its claim as one for "equitable contribution." The parties do not cite or discuss, and we do not address, ORS 18.450:

"(1) Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action.

Whether plaintiff may establish that Follett was liable by seeking contribution from her is not before us. After the court dismissed plaintiff's claim against Continental, Follett remained a defendant, but plaintiff later dismissed its claims against her.

Plaintiff has identified no theory, on this record, by which Continental is, or may be, liable to plaintiff. Continental's potential liability on its insurance contract is not involved in this action. The court did not err when it allowed the motion to dismiss.

Affirmed.

---

"(2) Where a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants by motion upon notice to all parties to the action."

At trial and on appeal, both parties argued that the dispositive issue is whether plaintiff may seek contribution from Continental. However, Continental's motion to dismiss asserted, as an alternate basis for dismissing the complaint, that an insurer has no right of subrogation against its own insured. No party made that argument on appeal, and we do not address it. ORAP 5.45(2).