Argued and submitted February 14, reversed and remanded May 20, 1992

James A. HANSEN,
*Appellant,*

*v.*

Kent ANDERSON
and Kent Anderson, P.C.,
*Respondents.*

(16 90 04426; CA A68076)

831 P2d 717

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Joan O'Neill, Portland, argued the cause for respondents. With her on the brief were G. Kenneth Shiroishi and Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

In this legal malpractice action, plaintiff appeals from a judgment dismissing his complaint for failure to state ultimate facts constituting a claim. ORCP 21A(8). Whether the complaint states a claim is a question of law. We treat as true the allegations and any inferences favorable to plaintiff that may be drawn. *St. Paul Fire and Marine v. Continental Casualty*, 112 Or App 209, 827 P2d 1366 (1992).

In February, 1988, plaintiff loaned Fisher $20,000 to expand a used car business. Fisher signed a note that promised that he would repay the loan in six months and pay plaintiff $1,000 monthly interest and that plaintiff would have a security interest in cars as collateral. In May, 1988, Fisher asked plaintiff for a $30,000 loan. They agreed that Fisher would repay the loan in seven months and pay plaintiff $3,000 monthly in interest and that plaintiff would have a security interest in cars.

At plaintiff's request, defendant drafted a security agreement and note for the second loan, which Fisher signed, and billed plaintiff for his services. Later, Fisher defaulted on both loans and became insolvent. Plaintiff sued Fisher, who counterclaimed that plaintiff was a loan shark engaged in racketeering.[1] After trial, the court gave plaintiff a $50,000 judgment for the principal of both loans but disallowed any interest.

Plaintiff then sued defendant for legal malpractice. He alleged that defendant was negligent in, among other things, failing to advise him that the loan interest rate was usurious, preparing documents that included the usurious rate and failing to perfect a security interest in the cars. He further alleged that, as a result, he was deprived of interest on the loan, had no security interest in the cars, was unable to collect on the $50,000 judgment and incurred legal costs enforcing the note and defending his reputation.[2] The court granted defendant's motion to dismiss.

---

[1] Plaintiff alleged that Fisher's allegations "were reported by the news media and have been used against him in other proceedings." Before trial on plaintiff's action on the note, the court dismissed the counterclaim.

[2] In an amended complaint, plaintiff alleged:

"On or about May 19, 1988, Plaintiff requested Defendant's legal assistance and counsel in connection with this [the second loan] transaction, explained the

■ Defendant does not dispute that he drafted a note that included usurious interest. *See* ORS 82.010(3). He argues that, because only the interest was unenforceable, the note had no effect on plaintiff's ability to recover the $50,000 judgment. *See* ORS 82.010(4). However, plaintiff also alleged that defendant failed to perfect a security interest in the collateral and that that made it impossible for him to collect any part of the loan principal after it was reduced to judgment. Defendant responds that it made no difference whether he perfected the interest, because plaintiff did not allege that he took possession of the car titles, and that that was a condition precedent to defendant's duty to act. Neither the alleged facts nor the security agreement supports defendant's argument that plaintiff had to possess the titles before he had a duty to act. The complaint alleges that he undertook to perfect the security interest and failed to do so. The allegations state a claim.

We do not consider defendant's arguments based on allegations in the superseded original complaint, *see O'Gara v. Kaufman*, 81 Or App 499, 502, 726 P2d 403 (1986), and on a letter appended to the amended complaint that he relies on to state facts. *See Oak Grove Parr v. McCutcheon Const.*, 275 Or 381, 384, 550 P2d 1382 (1976).

Reversed and remanded.

---

contemplated loan of $30,000 and its terms, informed Defendant of the prior loan and gave Defendant a copy of the Payment Lien Note. Defendant agreed to provide legal assistance and counsel to Plaintiff as Plaintiff's attorney in connection with this matter, and did undertake to prepare the requisite loan documents and to record and otherwise perfect Plaintiff's security interest. * * *

"8

"In reliance upon Defendant's expertise as an attorney and advise [sic] and counsel as an attorney, on May 20, 1988, Plaintiff loaned Fisher $30,000. Defendant billed Plaintiff for these legal services and Plaintiff paid him the amount of the legal fee billed by Defendant.

"9

"The Promissory Note Defendant prepared did not state the interest rate. The interest that Fisher had agreed to pay was equivalent to 120% per annum! On the face of the loan documents, under the laws of the State of Oregon the loan was usurious and invalid. At no time prior to the making of the loan did Defendant advise plaintiff that the loan was usurious and unenforceable, that the March 1, 1988 loan was also usurious and unenforceable, and after the loan was made, Defendant failed to record and otherwise perfect Plaintiff's security interest or file a financing statement. * * *"