Argued and submitted July 9, 1993; resubmitted In Banc July 6, affirmed
August 24, 1994

PRAEGITZER INDUSTRIES, INC.,
an Oregon corporation,
*Appellant,*

*v.*

ROLLINS BURDICK HUNTER
OF OREGON, INC.,
an Oregon corporation,
*Respondent.*

(A8905-02646; CA A74255)

880 P2d 479

David L. Slader argued the cause for appellant. With him on the briefs were Charles R. Markley and Greene & Markley, P.C.

Shand S. Stephens argued the cause for respondent. With him on the brief were John R. Faust, Jr., Mildred J. Carmack, Schwabe, Williamson & Wyatt, and Bronson, Bronson & McKinnon.

LANDAU, J.

De Muniz, J., concurring.

## LANDAU, J.

In this tort action, plaintiff asserts that defendant insurance broker failed to procure adequate fire insurance for plaintiff's manufacturing business. Following a judgment entered on a verdict for defendant, plaintiff appeals. We affirm.

Plaintiff is engaged in the business of manufacturing electronic circuit boards. Defendant, an insurance brokerage firm and a licensed insurance agent, served as plaintiff's insurance broker for a number of years. While acting in that capacity, defendant procured a business interruption policy for plaintiff. That policy was in effect when a fire substantially destroyed plaintiff's Dallas, Oregon, manufacturing plant, closing plaintiff's business for nearly a year.

Plaintiff filed this action against defendant in Polk County, alleging that it had suffered large uninsured losses because it had followed defendant's advice to purchase only $9 million in business interruption coverage. Plaintiff's complaint alleged multiple claims for relief, including common law negligence, negligence *per se* and statutory tort. On defendant's motion, the Polk County Circuit Court changed venue to Multnomah County, citing the convenience of the parties, the witnesses and the parties' attorneys, and the court's belief that because none of the Polk County judges would hear the case, transfer "would be more convenient from a judicial administration point of view."

Defendant then moved to dismiss plaintiff's negligence and statutory tort claims on the ground that those claims relied on a statute, ORS 744.650, that did not apply to defendant. The trial court granted that motion, leaving intact plaintiff's common law negligence claims and several other claims that are not at issue on appeal.

In its answer to the remaining negligence claim, defendant alleged that plaintiff was contributorily negligent in failing to equip its plant with a fire suppression sprinkler system and in violating certain building code requirements (hereinafter "the sprinkler defense"). Plaintiff moved to strike those allegations from defendant's answer. The trial court denied that motion. It also denied several other motions brought by plaintiff regarding the sprinkler defense—a

motion for partial summary judgment on that issue, a motion *in limine* to exclude evidence on that issue, and motion for a directed verdict on the same issue.

At the close of the trial, the jury was presented with a special verdict form that first asked, "Was defendant negligent, and, if so, was that negligence a cause of damage to plaintiff?" Because the jury answered "no" to that question, it never reached a later question regarding plaintiff's contributory negligence. Judgment was entered on that verdict.

■ In its first two assignments of error, plaintiff argues that the trial court erred in dismissing its negligence *per se* and statutory tort claims. Both claims were based on defendant's alleged violation of *former* ORS 744.650, which at the relevant time provided:

"(1) An insurance consultant shall furnish to each client and prospective client a written disclosure statement containing such information as the director requires by rule. The director shall require that at least the following information be included in a disclosure statement:

"(a) The applicable occupational and educational background of the insurance consultant.

"* * * * *

"(2) An insurance consultant shall disclose to each client information required by the director by rule in the course of providing insurance consultant services to the client and before the insurance consultant makes any final insurance recommendation to the client. The director shall require an insurance consultant to disclose at least the following information.

"* * * * *

"(c) Assumptions contributing to insurance recommendations for the client."[1]

Plaintiff argues that defendant is an "insurance consultant" for purposes of ORS 744.650, that defendant failed to disclose its agent's occupational and educational background and the assumptions underlying its recommendations to plaintiff,

---

[1] ORS 744.650 was amended in 1991. The pre-1991 version of ORS 744.650 was in effect at the time of the allegedly tortious acts. Our discussion of ORS 744.650 refers to that earlier version.

that defendant therefore violated the statute, and that plaintiff was damaged by defendant's violation. Plaintiff further argues that ORS 744.650 is the kind of statute that can support both statutory tort and negligence *per se* claims. Defendant responds that it is not subject to the disclosure requirement of ORS 744.650.

Whether a complaint was properly dismissed for failure to state a claim is a question of law; we treat the facts alleged in the complaint as true. *Hansen v. Anderson*, 113 Or App 216, 218, 813 P2d 717 (1992). We begin, then, by briefly reviewing the law regarding statutory tort and negligence *per se* claims.

■ In general, an individual has no private remedy for a statutory violation unless the statute expressly provides one. In some cases, a statute may define the standard of care expected of a reasonably prudent person under the circumstances, and a violation of that statute establishes a rebuttable presumption of negligence. *Barnum v. Williams*, 264 Or 71, 74-79, 504 P2d 122 (1972). A plaintiff may proceed on such a negligence *per se* theory when the statute violated "so fixes the legal standard of conduct that there is no question of due care left for a factfinder to determine." *Shahtout v. Emco Garbage Co.*, 298 Or 598, 601, 695 P2d 897 (1985). In other cases, a statute may impliedly create a separate claim, and violation of the statute is itself a "statutory tort." Such an implied private right of action will be inferred only if the plaintiff is able to show

> "that [the] statute grants him, as a member of the class the statute is designed to protect, the right to recover damages if noncompliance with the statute results in harm of the kind the statute was designed to prevent." *Dunlap v. Dickson*, 307 Or 175, 179, 765 P2d 203 (1988).

In both cases, a violation of the relevant statute is an essential element.

Although plaintiff states in its complaint the legal conclusion that defendant violated ORS 744.650, we find no basis for reaching that conclusion under the facts as alleged. ORS 744.650 requires insurance consultants to provide a disclosure statement that includes "such information as the director [of the Department of Insurance and Finance]

requires by rule," and to disclose additional "information required by the director by rule." Even assuming that defendant was an "insurance consultant" subject to the requirements of ORS 744.650, plaintiff's complaint does not allege the existence of any Department of Insurance and Finance rules requiring insurance consultants to make disclosures. In fact, no such rules existed at the time of defendant's purportedly tortious conduct. In the absence of such rules, ORS 744.650 could neither be enforced nor violated. *See Megdal v. Board of Dental Examiners*, 288 Or 293, 305, 605 P2d 273 (1980); *Ortiz v. Adult & Family Services Division*, 45 Or App 925, 609 P2d 1309 (1980). Because plaintiff has not shown that defendant has violated ORS 744.650, its statutory tort and negligence *per se* claims were properly dismissed.

■　　　Plaintiff next assigns as error the trial court's decision to grant defendant's motion to change venue from Polk County to Multnomah County. Plaintiff contends that venue in Multnomah County was no more convenient to the witnesses and parties, and that other reasons cited in the trial court's order—specifically, the convenience of the lawyers and the courts—were not proper reasons under the statute governing change of venue.

■　　　We review a ruling granting or denying a venue motion only for abuse of discretion. *State ex rel Stephens v. Londer*, 311 Or 385, 388, 811 P2d 1375 (1991); *Walti v. Willamette Industries, Inc.*, 86 Or App 479, 483, 739 P2d 611 (1987). Under ORS 14.110(c), the convenience of the parties and witnesses is a proper reason for changing venue. After carefully considering the record, we conclude that it was within the trial court's sound discretion to find that most of the likely witnesses would have to travel from places outside of Oregon, that Multnomah County is more accessible to out-of-state travellers than Polk County, and that the convenience of the witnesses and the parties would be promoted by the change of venue.

■　　　Plaintiff also assigns as error each of a number of trial court rulings that allowed defendant to plead and prove that plaintiff's own negligence in failing to install an adequate fire suppression system contributed to its injury. Plaintiff contends that that defense was not material to the case, because any negligence by plaintiff in that regard had no

causal connection to the plaintiff's underinsurance—which was the harm complained of—and because plaintiff did not owe any duty to defendant to install an adequate fire suppression system. Plaintiff further contends that allowing that defense to be pled and proved so confused the jury that the verdict could not be rescued from its taint by the "weak remedial power of limiting instructions and special verdict forms."

Plaintiff complains about an issue that was neither explicitly nor implicitly a part of the verdict under challenge. The jury found, by special verdict, that defendant was not negligent in any way that damaged plaintiff and, in doing so, rendered any trial court errors regarding plaintiff's contributory negligence inconsequential. In the absence of some showing that the jury was improperly instructed, we will not assume that evidence regarding plaintiff's negligence tainted the jury's decision regarding defendant's negligence. *Siegfried v. Pacific Northwest Development Corp.*, 102 Or App 57, 59-60, 793 P2d 330 (1990).

Affirmed.

**De MUNIZ, J.,** concurring.

I agree that this case should be affirmed. I write separately to address plaintiff's final assignment of error, because I do not conclude that our holding in *Siegfried v. Pacific Northwest Development Corp.*, 102 Or App 57, 793 P2d 330 (1990), stands for a general rule as to reviewability of claims regarding negligence. There, the plaintiff assigned error to the admission of evidence that was relevant to damages. We held that, because the jury had found that the defendant was not negligent, it was unnecessary to reach the damages issue. Here, plaintiff assigns error, *inter alia*, to the trial court's pretrial denial of its motion to strike defendants' affirmative defense[1] that plaintiff's own negligence in failing to install an adequate sprinkler system contributed to its injury. Plaintiff's position is that the affirmative defense, and

---

[1] Plaintiff made six assignments of error relating to the affirmative defense. In addition to the trial court's denial of plaintiff's motion to strike the defense, it assigns error to the denial of partial summary judgment on the defense, denial of a directed verdict on the defense, and denial of motions to exclude evidence that plaintiff's factory was not equipped with a fire suppression sprinkler system and evidence of the design of plaintiff's factory.

the evidence based on it, were *not* relevant to plaintiff's professional negligence claim, which was based on defendant's duty to use due care to provide insurance to plaintiff in the light of all the known risks. Plaintiff argues that defendant knew that plaintiff did not have a sprinkler system and that defendant's duty included the risk of insuring against plaintiff's own negligence in not providing a sprinkler system. Therefore, plaintiff's fault could not reduce or defeat its claim that its insurance broker had not provided for adequate insurance.

If plaintiff is correct that the trial court erred in not striking the affirmative defense, then the jury heard evidence that might, indeed, have been prejudicial to plaintiff on the issue of defendant's negligence. In that instance, I would hold that the issue of negligence was properly before us, irrespective of the jury's special verdict finding that defendant was not negligent.

However, plaintiff's argument fails here because, as plaintiff concedes, the evidence was relevant on another issue — that the lack of a sprinkler system made it harder for defendant to obtain insurance for plaintiff. Plaintiff seeks to avoid the consequences of the admissibility of that evidence by claiming that defendant's evidence and arguments went far beyond that "narrow issue" and "pervaded the trial" to such an extent that it compromised the jury's ability to be fair.

We rejected a similar argument in *Siegfried v. Pacific Northwest Development Corp., supra,* 102 Or App at 60:

"Plaintiff nevertheless contends that the asserted error was prejudicial, because everything is connected with everything else and the jury's thinking on damages may have affected its finding on causation. We again disagree. The jury made special findings and plaintiff does not contend that the jury was improperly instructed on the questions that were presented to it."

Likewise, plaintiff here did not request limiting instructions. Characterizing limiting instructions and special verdicts as a "weak remedial power" is not responsive to the fact that the evidence was admissible. Having failed to try to limit how the jury would consider the evidence, plaintiff cannot now complain that the evidence improperly influenced the jury's determination.