STATE OF OREGON,
*Plaintiff,*

*and*

KT CONTRACTING CO., INC.,
an Oregon corporation,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

ROSS BROS. & CO., INC.,
an Oregon corporation;
and Safeco Insurance Company of America,
a Washington corporation,
*Defendants-Respondents*
*Cross-Appellants.*

Marion County Circuit Court
09C13172; A150551

342 P3d 1026

Hunter B. Emerick argued the cause for appellant - cross-respondent. With him on the briefs was Saalfeld Griggs PC.

Ryan P. Hunt argued the cause for respondents - cross-appellants. With him on the briefs were Gordon R. Hanna and Garrett Hemann Robertson P.C.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

This appeal and cross-appeal arise out of a public works contract dispute between a subcontractor (KT), a general contractor (Ross), and the general contractor's labor and materials bond surety (Safeco). KT brought claims under the "Little Miller Act," ORS 279C.380 to 279C.625, against Safeco for payment on the bond, and claims against Ross for breach of contract and *quantum meruit*. Ross and Safeco counterclaimed against KT for breach of contract and sought liquidated damages.[1] After a bench trial, the trial court ruled that KT could recover in *quantum meruit* against Ross, but refused KT's request to enter judgment against Safeco on the bond claims. The court concluded that, because KT brought its *quantum meruit* claim against Ross only, it was not entitled to a judgment against Safeco on its bond claims. The trial court entered a general judgment and a supplemental judgment against Ross. KT appeals, and defendants cross-appeal, both judgments.

On appeal, KT raises three assignments of error. Because it is dispositive, we address only KT's first assignment: that the trial court erred by not entering judgment against Safeco on the bond claims. Ultimately, we conclude that it did, and reverse the trial court's judgment. We also conclude that Ross failed to preserve its assignment of error on cross-appeal challenging the trial court's determination that KT could recover in *quantum meruit* even though the parties had a valid and enforceable contract.

The following background facts are undisputed. In February 2003, the Oregon Department of Transportation (ODOT) awarded a contract to Ross for the renovation of the Depot Street Bridge on Interstate 5 in Jackson County. The contract specified a completion date of December 31, 2005, for the project. Pursuant to public contracting laws, *see* ORS 279C.380(1)(b), Ross obtained a labor and materials payment bond from Safeco to protect parties that provided "labor or materials for the performance of the work provided for in"

---

[1] Ross and Safeco have been jointly represented throughout the trial court and appellate proceedings. We refer to the individual defendants when the context requires us to do so. Otherwise, we refer to them jointly as "defendants."

the public contract.[2] Ross executed a subcontract with KT to provide temporary traffic signs and markers, traffic control devices, and a pedestrian rail on the bridge for $319,000. As relevant to the parties' dispute, the subcontract contained a "pay when paid" provision that KT would not be paid for work "not approved and accepted by [ODOT]," and a provision that KT's subcontractors must first be paid before KT could secure payment from Ross. In addition, a provision of the subcontract provided that any claim for "additional compensation" had to be presented to Ross within 30 days of the "occurrence," and that written and oral notice of additional compensation had to be given to the project manager.

The bridge renovation ran into substantial delays, and was not completed until about two years after the scheduled completion date. Ross continued to use KT's temporary traffic control devices on the construction site during the delay. In October 2007, Ross sent a letter asking KT to submit any claims for additional costs. KT submitted a formal claim for over $80,000 in additional compensation for the extended use of its traffic control devices. Ross refused to pay, and KT initiated this action.

KT filed a complaint against Ross and Safeco seeking $245,134 for unpaid work and additional costs. KT asserted a "Little Miller Act" claim against Safeco and a breach of contract claim against Ross. Defendants counterclaimed for breach of contract, alleging that KT had failed to complete its work in a timely and agreed upon manner, had failed to follow the claim procedures under the subcontract, and that Ross had performed all of its contractual obligations. Defendants' counterclaim sought $288,000 in

---

[2] ORS 279C.380 provides, in part:

"(1) Except as provided in ORS 279C.390, a successful bidder for a public improvement contract shall promptly execute and deliver to the contracting agency the following bonds:

"(a) [A performance bond for the protection of the contracting agency.]

"(b) A payment bond in an amount equal to the full contract price, solely for the protection of claimants under ORS 279C.600."

ORS 279C.600(1) provides, in part, a right of action on the contractor's payment bond for "[a] person claiming to have supplied labor or materials for the performance of the work provided for in a public contract."

liquidated damages. Defendants did not assert any affirmative defenses specific to the bond claim.

KT filed a second amended complaint in December 2010. In that complaint, which was the operative complaint at trial, KT alleged three bond claims against Ross and Safeco, three claims for breach of contract against Ross, and a *quantum meruit* claim against Ross. The bond and breach of contract claims were separated into individual claims related to (1) $151,827 for initial contract work, (2) $4,704 for change orders and "force account" work, and (3) $82,857 for the extended rental of the traffic control devices. Alternatively, KT sought $239,388 in its *quantum meruit* claim for recovery of the reasonable value for all labor, materials, and services performed by KT.

At trial, KT presented evidence to establish that Ross had breached the subcontract by nonpayment. In response, defendants argued that KT's own failure to comply with certain provisions of the subcontract precluded any recovery by KT. In particular, defendants pointed to the "pay when paid" provision in the contract. Defendants also argued that a significant amount of the project delay could be attributed to KT. As for KT's claim for rental expenses for the extended use of the traffic control devices, defendants asserted that KT failed to establish that it paid the company that rented out the devices, so under the contract, KT could not recover those amounts from Ross. Defendants also argued that KT waived its claims because its notice of claim to Ross regarding the "additional cost" of extended use of the traffic control devices was untimely.

The trial court ruled that KT was entitled to recover $239,388 on its *quantum meruit* claim against Ross. Although the court's letter opinion did not explicitly explain the basis of its ruling, the court seems to have implicitly concluded that KT could not recover under a breach of contract theory because it had not complied with certain notice and timing provisions of the subcontract. The court concluded, however, that regardless of any deficit in KT's performance, KT could recover for all unpaid work performed on the project through its *quantum meruit* claim. The court did not address KT's bond claims against Safeco.

After the court issued its letter opinion, KT submitted a proposed form of judgment that named Ross and Safeco as judgment debtors. The court, however, entered a general judgment that named only Ross as the judgment debtor. In response, KT sought leave to file a third amended complaint that also named Safeco as a defendant in the *quantum meruit* claim. At a hearing, KT argued that Safeco could and should be liable under the bond that it issued for the project, but the trial court denied KT's motion. KT moved for a new trial, arguing that the court had failed to address its claims against Safeco under the bond. The court denied that motion as well.

As noted, the trial court did not address KT's Little Miller Act claims in its initial letter opinion. However, in response to KT's post-trial motions, the court explained that it agreed with defendants' position that "the relief I * * * awarded [KT] was on its *quantum meruit* claim against [Ross] and that claim was not made against defendant Safeco, nor was there any claim on [KT's] complaint against Safeco's bond in the pleadings alleging the *quantum meruit* claim." The court further explained that "I can find no legal basis in the pleadings as they existed on the day of trial to somehow 'include' Safeco's bond to apply to the *quantum meruit* claim" and "Safeco was never put on notice that it was potentially on the hook for the *quantum meruit* claim or under its bond for the *quantum meruit* claim."

The court later entered a supplemental judgment for attorney fees and costs against Ross. KT appeals, and defendants cross-appeal, the general and the supplemental judgments.

Because our resolution of defendants' cross-appeal frames our analysis of KT's appeal, we discuss the cross-appeal first. Defendants contend that the trial court erred as a matter of law by determining that KT could recover in *quantum meruit* even though the parties had a valid and enforceable contract. Defendants assert that the validity of the subcontract was never questioned at trial, and that a *quantum meruit* claim "presupposes that no enforceable contract exists meaning that there cannot be a valid legally enforceable contract and an implied contract covering the

same services." Defendants argue that KT's *quantum meruit* claim "becomes relevant only if the contract does not address the services for which recovery in *quantum meruit* is sought." According to defendants, because KT's contract claims and its *quantum meruit* claim are based on the same operative facts and the damages sought by KT were for work covered by contractual provisions, and because there was no dispute as to the existence of a valid, legally enforceable contract, the "action becomes one in contract and the *quantum meruit* claim drops out of the case." In short, Ross contends that because the parties had a valid and enforceable contract, KT cannot recover in *quantum meruit* because the subcontract covered the work.

However, defendants failed to preserve their assignment of error. ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * * provided that the appellate court may consider an error of law apparent on the record."). There is no indication that defendants alerted the trial court to the problem that they now assert regarding awarding *quantum meruit* relief under these circumstances. In their cross-appeal brief, defendants' "Preservation of Error" section asserts that they preserved the error by "den[ying] liability on all claims" in their answer and by "mov[ing] for directed verdict on the *quantum meruit* claim." But neither defendants' answer to KT's initial complaint nor their motion for directed verdict presented the trial court with the issue that defendants now raise—whether KT's *quantum meruit* claim "drops out" as a matter of law because none of the parties disputed the existence of a valid and enforceable contract at trial.

Defendants' answer to KT's initial complaint generally denied liability and asserted affirmative defenses. As relevant here, defendants asserted as an affirmative defense failure to state a claim under ORCP 21 A(8). However, defendants never filed an amended answer to KT's amended complaint, and never filed a motion to dismiss based on ORCP 21 A(8). Accordingly, nothing in defendants' general denial of liability raised the substantive legal proposition that they now bring on cross-appeal. Similarly, defendants, in their motion for directed verdict, claimed only that KT failed to

"present testimony or evidence that the amount charged is reasonable" and "for that reason * * * [the *quantum meruit*] claim failed."

The requirement of preservation serves several goals, including full development of the record, judicial efficiency, and fairness to opposing parties. *State v. Bistrika*, 262 Or App 385, 399, 324 P3d 584, *rev den*, 356 Or 397 (2014). It also serves to give the trial court the opportunity to consider its alleged error and correct it, if warranted. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Those goals were not met in this instance. Defendants' theory presented on cross-appeal is entirely different from any basis they used to challenge KT's *quantum meruit* claim in the trial court, and we consequently decline to consider defendants' assignment on cross-appeal.[3]

Given that defendants' assignment of error on cross-appeal is unpreserved, we proceed with KT's first assignment of error.[4] KT asserts that the trial court erred by refusing to enter judgment against Safeco on the labor and material payment bond.

As the trial court's letter opinion indicated, the trial court concluded that it could not enter judgment against Safeco because KT improperly pleaded its claims. That is, as far as we can tell, the trial court concluded that because KT's complaint failed to explicitly identify Safeco as a defendant to the *quantum meruit* claim, and because the court

---

[3] Our review of the record in the normal course of resolving KT's assignments of error failed to uncover any other instance when defendants brought this issue to the trial court's attention. We decline to further search the record to discover whether defendants presented the theory that they now advance on cross-appeal at any other time in the proceedings. *See* ORAP 5.45(4)(c) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved.").

[4] Because the trial court did not explicitly analyze KT's breach of contract claims and defendants' breach of contract counterclaim, and because defendants failed to preserve the argument that a valid and enforceable contract precludes recovery in *quantum meruit* for services covered by the valid contract, we are left in the somewhat awkward position of proceeding with the issues framed in the context of a *quantum meruit* recovery, even though it appears that the trial court could have, and perhaps should have, resolved the dispute and the amount of damages using contract law concepts such as substantial performance and material breach.

only awarded relief on the basis of that claim, the court could not enter judgment against Safeco on the bond claims. Accordingly, the trial court necessarily concluded that KT failed to plead its claims in such a way that it could recover against Safeco on the bond when it had proven that it was entitled to recover from Ross in *quantum meruit* for labor and materials provided for the project.

KT asserts that Safeco's liability on the bond claims turned on whether KT provided valuable services or goods to the public works project and that pleading a *quantum meruit* claim as part of the bond claims was not necessary to establish Safeco's liability on the bond claims. KT explains that its complaint included all of the elements necessary to plead a bond claim under the Little Miller Act and that the court's view of the pleadings "failed to grant the amended complaint the proper favorable inferences." Accordingly, KT complains that the court erred as a matter of law by ruling that the pleadings precluded recovery on the bond claims against Safeco.

Rather than meeting KT's argument head on, defendants counter that *quantum meruit* does not create a basis for a claim under the Little Miller Act.[5] They argue that, consequently, the claim provides no basis for Safeco's liability.

---

[5] Defendants also advance an argument in response to KT's first assignment of error that KT failed to state a claim against Safeco because any claim under the Little Miller Act must be brought in the name of the contracting agency. *See* ORS 279C.610(2) ("The action shall be on the relation of the commissioner, the claimant, or that person's assignee, as the case may be, and shall be in the name of the contracting agency that let the contract ***."). They did not make that argument to the trial court. Although defendants do not present it as such, we assume that they are asking us to exercise our discretion to consider this argument under the "right for the wrong reason" doctrine, which allows an appellate court to affirm the ruling of a trial court on a basis other than that upon which the trial court relied if certain requirements are met. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). We decline to consider defendants' argument because we are not persuaded that the record is materially the same as it would have been had defendants raised the issue to the trial court. See *id.* at 660 ("right for the wrong reason" requires that "the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below"). KT's initial complaint brought the action in the name of the state, but when KT amended its complaint, it failed to do so. Had defendants objected to KT's amended complaint on the basis it now raises, KT could have sought to amend the complaint again to correct any deficiency.

As we explain below, we conclude that the trial court erred by not entering judgment against Safeco on the payment bond. Our ultimate conclusion flows from two determinations. First, KT properly pleaded its bond claims under the Little Miller Act against Safeco and the failure to bring a *quantum meruit* claim against Safeco does not, as a matter of pleading, affect KT's ability to recover on the bond claims. Second, at least in the circumstances presented here, merely because KT recovered in *quantum meruit* for labor and materials that it provided to the project does not preclude KT's recovery against Safeco on the bond claims.

We begin with a brief overview of the Little Miller Act. The statutory scheme is based on the federal Miller Act, 40 USC §§ 3131 - 3134, and like its federal counterpart, the Oregon statute's bonding provisions "protect suppliers of materials and labor for a public works project by providing them with an alternative source of payment, as would a construction lien for a private project." *North Marion Sch. Dist. #15 v. Acstar Ins. Co.*, 343 Or 305, 312, 169 P3d 1224 (2007). Specifically, ORS 279C.380(1)(b) requires successful bidders in public improvement contracts to secure a payment bond "in an amount equal to the full contract price, solely for the protection of claimants under ORS 279C.600." ORS 279C.600(1) provides that, among others, a person claiming to have

"supplied labor or materials for the performance of the work provided for in a public contract * * * has a right of action on the contractor's payment bond as provided for in ORS 279.380 * * * only if:

"(a) The person or the assignee of the person has not been paid in full; and

"(b) The person gives written notice of claim * * * to the contractor and the contracting agency."

Here, KT properly pleaded its bond claims against Safeco. KT alleged that it (1) supplied labor or materials for performance of the work provided for in ODOT's contract with Ross, (2) had not been paid in full for the labor or materials provided, and (3) had given written notice of

claim to Ross and ODOT. Accordingly, KT asserted that it was entitled to recover from Safeco, under the bond, amounts unpaid by Ross for the labor and materials it provided.

As a general rule, pleadings must be liberally construed with a view of substantial justice between the parties. ORCP 12 A. We treat as true the allegations in the pleadings and any inference favorable to the plaintiff that may be drawn. *St. Paul Fire and Marine v. Continental Casualty*, 112 Or App 209, 211, 827 P2d 1366 (1992). KT's complaint sought to recover from Ross for labor and materials provided for the bridge renovation on a breach of contract theory or, alternatively, a *quantum meruit* theory. It is clear that, under the established and accepted law of suretyship, KT also was seeking to recover any amount that the trial court deemed Ross liable for from Safeco on the payment bond. A surety is "[a] person who is primarily liable for paying another's debt or performing another's obligation." *Black's Law Dictionary* 1579 (9th ed 2009). A suretyship is "[t]he legal relation that arises when one party assumes liability for a debt, default, or other failing of a second party." *Id.* at 1580. Finally, according to ORS 279C.380(1)(b), a payment bond is "solely for the protection" of, among others, "[a] person claiming to have supplied labor or materials for the performance of the work provided for in a public contract." ORS 279C.600(1).

Putting those concepts together, a payment bond under the Little Miller Act makes the surety primarily liable for paying the contractor's debt to a claimant who has supplied labor or materials for the performance of the work provided for in the public contract. Thus, the general rule is that a surety's liability under the payment bond is measured by the contractor's liability to the claimant for the labor or materials provided. *See Consolidated Elec. & Mechanicals, Inc. v. Biggs General Contracting*, 167 F3d 432 (8th Cir 1999) (stating that a surety's liability under the federal Miller Act is measured by the contractor's liability under the contract). Accordingly, there is no requirement that, as part of a claim under the Little Miller Act, the claimant must incorporate its contract or quasi-contract claims into its bond claims.

It is enough in this case that KT pleaded a claim under ORS 279C.600 to recover on the bond for amounts unpaid by the contractor for labor and materials provided for the project. The trial court erred when it concluded that judgment against Safeco was precluded because of the manner in which KT pleaded its claims.

We reject defendants' general proposition that a subcontractor who recovers against a contractor on a theory of *quantum meruit* for materials and labor provided to a public works project is precluded from recovering against the payment bond for those amounts. Defendants' argument is based on the general theory that *quantum meruit* is a "contract implied-in-law" and represents a "remedial device" that is used to "accomplish justice and prevent unjust enrichment." Defendants do not explain in any detail why a "remedial device" like *quantum meruit* is an outright bar to recover under the Little Miller Act, other than that it is not a contract claim.

We disagree with defendants' argument. Perhaps most importantly, such a rule would undermine the purpose of the Little Miller Act to "protect suppliers of materials and labor for a public works project by providing them with an alternative source of payment." *North Marion Sch. Dist.*, 343 Or at 312. That is, the distinction that defendants draw would preclude recovery for the same materials and labor supplied to a project simply because the subcontractor prevailed on a quasi-contract theory instead of breach of contract. The underlying basis for the recovery—that the subcontractor was not paid for labor and materials provided to the project—is the same in either case. That result would be inconsistent with the legislature's purpose in enacting the Little Miller Act. In construing earlier versions of public contracting statutes that required a contractor to secure a bond to cover labor and materials, the Supreme Court explained that the legislature clearly intended to insure the payment of every person who supplied labor and material for the prosecution of the work. *Fitzgerald v. Neal et al.*, 113 Or 103, 110, 231 P 645 (1924). Accordingly, the court concluded that the statutes should be liberally construed to effectuate the purpose for which they were enacted. *Id.* We see nothing

in the text of the Little Miller Act that would support the blanket distinction that defendants assert.[6]

In sum, the trial court's view that KT could not recover against Safeco on the bond claims because KT's complaint failed to explicitly identify Safeco as a defendant to the *quantum meruit* claim was incorrect. Further, as explained, KT properly brought its bond claims against Safeco in compliance with ORS 279C.600(1). Safeco's liability on the bond claims is measured by Ross's liability to KT for labor and materials provided to the public works project. And finally, KT is not precluded from recovering on the bond claims from Safeco because it prevailed against Ross in *quantum meruit* for unpaid sums owed for the labor and materials.[7] Accordingly, the trial court erred by not entering judgment against Safeco on the bond claims.

Finally, we briefly address the supplemental judgment that awarded attorney fees and costs to KT against Ross. KT appeals, and defendants cross-appeal, the supplemental judgment. However, neither party presents any argument as to why the trial court erred in entering the supplemental judgment. Although we have concluded that KT could recover on the payment bond for labor and materials provided to the project, whether attorney fees and costs are also recoverable on the payment bond presents a different question. We decline to address that issue in the absence of any argument. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a

---

[6] Our conclusion is also consistent with numerous federal courts applying the federal Miller Act. Those courts have concluded that a surety may be liable on a payment bond when the contractor has been deemed liable in *quantum meruit* in cases involving the federal Miller Act. *See, e.g., United States v. Algernon Blair, Incorporated*, 479 F2d 638, 641 (4th Cir 1973) ("*Quantum meruit* recovery is not limited to an action against the prime contractor but may also be brought against the Miller Act surety."); *Narragansett Improvement Company v. United States*, 290 F2d 577 (1st Cir 1961) (under certain circumstances, the plaintiff is entitled to recover on a payment bond on the basis of the reasonable value of his services).

[7] We note that our conclusion in this matter is limited to the specific facts presented in this case, and is driven in large part by the way the issues have been presented to us. We further note that defendants' basis for disputing liability at trial was limited to defenses related to KT's performance under the subcontract. They did not raise any defense specific to the payment bond.

party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").

Judgment reversed and remanded on appeal, affirmed on cross-appeal; supplemental judgment affirmed on appeal and cross-appeal.