Argued and submitted July 6, 2021, affirmed April 6, 2022

Braxton GOTHARD,
*Petitioner-Respondent,*

*v.*

Rachel E. DEMSKI,
*Respondent-Appellant.*

Curry County Circuit Court
19DR01900; A172731

508 P3d 995

Jesse C. Margolis, Judge.

Jamie L. Hazlett argued the cause and filed the briefs for appellant.

Daniel S. Margolin argued the cause for respondent. Also on the brief was Stephens Margolin, LLP.

Before Mooney, Presiding Judge, and Joyce, Judge, and DeVore, Senior Judge.*

PER CURIAM

Affirmed.

_____
 * Joyce, J., *vice* DeHoog, J. pro tempore.

## PER CURIAM

Mother appeals a judgment granting father custody of the parties' child after determining that changing custody from mother to father was in the child's best interests. On appeal, mother raises numerous claims of error relating to her motions to recuse the judge, to change venue, to obtain a continuance shortly before trial, and to the trial court's ultimate decision to award custody to father. We affirm.

In her first assignment of error, mother asserts that the trial court erred in denying her motion to recuse the judge. We review the denial of a motion to recuse for abuse of discretion. *Schwartz and Battini*, 296 Or App 870, 876, 440 P3d 92 (2019). We have reviewed the record and find no basis to conclude that the trial court abused its discretion in denying mother's motion.

Mother's second assignment of error challenges the trial court's denial of her motion to continue the trial, a motion that she made shortly before trial was scheduled to commence. We review the denial of a motion to continue for abuse of discretion. *State v. Johnson*, 304 Or App 78, 83, 466 P3d 710 (2020). Again, we have reviewed the record and find no basis to conclude that the trial court abused its discretion in denying mother's motion to continue.

In her third assignment of error, mother argues that the trial court erred in denying her motion to change venue. We review the denial of a change of venue for an abuse of discretion. *Praegitzer Industries v. Rollins Burdick Hunter*, 129 Or App 628, 633, 880 P2d 479 (1994). As with the previous claims of error, we have reviewed the record and find no basis to conclude that the trial court abused its discretion in denying mother's motion to change venue.

In mother's fourth and fifth assignments of error, she raises related arguments that the trial court erred in awarding custody to father. Mother argues that we should exercise *de novo* review for two reasons: (1) the trial court's conclusions do not "compor[t] with its express factual findings or with uncontroverted evidence in the record[,]" *see* ORAP 5.40(8)(d)(ii), and (2) the trial court erroneously

admitted hearsay testimony,[1] "reversal *** of which would substantially alter the admissible contents of the record," *see* ORAP 5.40(8)(d)(v).

We decline mother's request. ORS 19.415(3)(b); ORAP 5.40(8)(c). We therefore review the court's best-interest determination in awarding child custody for an abuse of discretion. *Campbell v. Tardio*, 261 Or App 78, 83, 323 P3d 317 (2014). Having considered the trial court's evaluation of the ORS 107.137 factors, including its express credibility findings, we see no abuse of discretion.

Affirmed.

---

[1] In her sixth assignment of error, mother asserts that the trial court erred in admitting hearsay testimony. Even assuming that was error, it would be harmless in all events. OEC 103(1) ("Evidential error is not presumed to be prejudicial."). The trial court made explicit findings of fact to support its decision and never referenced the hearsay statement. Additionally, ample evidence—without the hearsay statement—supports the trial court's findings. We therefore disagree with mother's assertion that reversal on that claim of error would substantially alter the record, such that there is little likelihood that any error affected the court's decision.