No. 806          November 6, 2024          123

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

Matthew P. NICOLAU,
*Petitioner-Appellant,*
*and*

Carly J. NICOLAU,
*Respondent-Respondent.*

Deschutes County Circuit Court
17DR11892; A180690

A. Michael Adler, Senior Judge.

Argued and submitted September 30, 2024.

David G. Brown argued the cause for appellant. Also on the brief was Merrill O'Sullivan, LLP.

Shayna M. Rogers argued the cause for respondent. Also on the brief was Cosgrave Vergeer Kester LLP.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father filed a motion to change custody from joint custody with mother to sole custody. The trial court concluded that mother having sole custody was in the children's best interests and entered a supplemental judgment granting mother sole custody. Father now appeals. We affirm.

We are bound by the trial court's factual findings that are supported by evidence in the record and review the trial court's best-interests determination for abuse of discretion. *Gothard v. Demski*, 318 Or App 872, 874, 508 P3d 995 (2022). "Under that standard, we will reverse only if a trial court's discretionary determination is not a legally permissible one." *Campbell v. Tardio*, 261 Or App 78, 83, 323 P3d 317 (2014) (internal quotation marks omitted).

With the standard of review in mind, we turn to father's arguments on appeal. As we understand those arguments, he does not assert that the trial court's factual findings are unsupported by the record. Instead, he argues that, based on those factual findings, the trial court abused its discretion in determining that it was in the children's best interests to grant mother custody. *See* ORS 107.137(1) (setting forth factors that a court must consider in determining the best interests of the children). We have reviewed the record and conclude that the trial court did not abuse its discretion in considering the factors under ORS 107.137(1) and in deciding that it was in the children's best interests to grant mother sole custody.

Affirmed.