No. 134          February 19, 2026          387

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Lauren Michelle SIEGEL,
*Petitioner-Appellant,*
*and*

Andrew Francis ROKICSAK,
*Respondent-Respondent.*

Josephine County Circuit Court
19CV39365; A183599

Pat Wolke, Judge.

Argued and submitted December 2, 2025.

Michael Vergamini argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother appeals from a supplemental judgment modifying child custody from joint custody to sole legal custody to father. Father moved for a modification of custody, citing a substantial change in circumstances. The trial court found that there had been a substantial change in circumstances and that changing custody was in child's best interest. The trial court awarded sole legal custody of child to father. On appeal, mother challenges the modification judgment, arguing that the trial court erred in its application of the statutory factors governing child custody determinations under ORS 107.137. Specifically, she argues that the trial court (1) failed to afford her the statutory preference for primary caregivers, as required by ORS 107.137(1)(e); (2) failed to factor the parties' willingness and ability to facilitate and encourage a close and continuing relationship between the other parent and the child, as required by ORS 107.137(1)(f); and (3) applied a "non-statutory and speculative standard." Because we conclude that the trial court did not abuse its discretion in applying the factors under ORS 107.137(1), we affirm.

*Primary caregiver preference:* In her first assignment of error, mother contends that the trial court misapplied the appropriate standard for determining custody when it failed to give preference to mother as child's primary caregiver. She argues that while the trial court identified the factor giving preference for the primary caregiver, if that caregiver is fit, as "preeminent," the trial court then ignored the factor when determining custody. Mother further asserts that the trial court did not in fact find mother unfit.

ORS 107.137(1)(e) does require the trial court to determine which parent is entitled to the primary caregiver preference, if the primary caregiver is deemed fit, and to consider that preference when making a custody determination. *See, e.g.*, *Henretty v. Lewis*, 319 Or App 345, 348, 509 P3d 701 (2022). Contrary to mother's argument, the trial court did not ignore the preference in ORS 107.137(1)(e) for the primary caregiver. Indeed, the trial court identified mother as the primary caregiver and went on to explain that, because of the circumstances surrounding her arrest and conviction, the court was worried for the welfare of the child while in mother's care:

> "The one that's preeminent to me is the preference of the primary caregiver, if the caregiver is deemed fit. And here's my concern about [mother], she was arrested on January 23rd with a very large amount of marijuana.

> "\* \* \* \* \*

> "I don't have any doubt at all that [mother] loves her child, as does [father], and I understand that for many years she's been the one that's taken care of \* \* \* all the child's needs. Concerning, though, that at the same time she's doing that, she's exposing the child to a large marijuana operation."

The trial court did not abuse its discretion in so concluding. *Gothard v. Demski*, 318 Or App 872, 874, 508 P3d 995 (2022) (reviewing the trial court's evaluation of factors under ORS 107.137 and its ultimate conclusion for abuse of discretion).

To the extent that mother contends that the trial court was required to either more explicitly state that it found mother to be the primary caregiver or more explicitly state that it was finding mother unfit, her argument is unpreserved. After making its findings, the court asked the attorney for each party if the court had missed anything. Father's counsel said, "I think you hit the nail on the head," and mother's counsel said, "I agree. I think you covered everything." Thus, the trial court expressly gave mother the opportunity to ask the court to, if she viewed it necessary, more explicitly state its finding related to the preference for the primary caregiver and unfitness, and she did not. Having had that opportunity and not taken it, she cannot now challenge any purported lack of clarity. *See Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) ("The general requirement that an issue, to be raised and considered on appeal, ordinarily must first be presented to the trial court is well-settled in our jurisprudence.").

*Willingness and ability to facilitate a continuing relationship:* In her second assignment of error, mother contends that the trial court erred by failing to consider each parent's willingness and ability to facilitate and encourage a close and continuing relationship with child. In determining custody, the trial court is required to assess, among other relevant factors, "[t]he willingness and ability of each parent to facilitate and encourage a close and continuing

relationship between the other parent and the child." ORS 107.137(1)(f). Again, we disagree that the trial court failed to consider that factor. The court explicitly addressed father's willingness and ability to facilitate a continuing relationship between mother and child:

> "So, concerning the other testimony, I found [father] credible that he does want to—he testified that he understands that [child] really loves his mother and misses his mother, and he wants her to have contact as much as possible."

Father testified that he believed that it is important for child to maintain a relationship with his mother, and the court found father credible on that issue. Although mother points to conflicting evidence in the record, we cannot say that the trial court's exercise of discretion is "clearly against all reason and evidence." *Botofan-Miller and Miller*, 365 Or 504, 506, 446 P3d 1280 (2019), *cert den*, 141 S Ct 134 (2020).

To the extent mother argues that the trial court's factual findings were insufficient, mother has again failed to preserve that matter for review. *See id.* at 525 (explaining that rules of preservation apply to claims that the trial court did not make the findings necessary for meaningful appellate review).

*Application of a non-statutory and speculative standard:* In her third assignment of error, mother argues that the trial court misapplied the appropriate standard for determining custody when it made a "speculative finding" that, had there not been a temporary custody order in place or had the Oregon Department of Human Services (ODHS) had more resources, ODHS would have filed a petition for dependency jurisdiction and would further pursue a dependency case in the event that the trial court did not award custody to father. We reject the third assignment of error because it fails to comply with ORAP 5.45(3), inasmuch as she has not assigned error to any specific ruling by the trial court. ORAP 5.45 (3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged.").

Affirmed.